AGNES G. WALKER, *Appellant,* v. AMALIA HEEGE AND MARTIN R. HEEGE, *Appellees.*

Opinion filed January 12, 1920.

1. Under Section 1, Art. XI of the Constitution, a mortgage executed by a married woman upon her separate statutory property for the purpose of securing a debt of her husband, must be attested by two witnesses, and otherwise executed according to the law respecting conveyances by a married woman.

2. The modern common law doctrine that a mortgage is a conveyance passing the title of the property mortgaged to the mortgagee subject to the mortgagor's right of redemption, has been abrogated in Florida by statute, and a mortgage is not a conveyance of the legal title or of the right of possession, but is a specific lien on the property therein described.

3. At common law attestation of a deed or mortgage was not necessary to its validity and attestation is therefore necessary only when required by statute.

4. Witnesses to a mortgage are not required by the law of Florida, except in the case of one given by a married woman to secure the debt of her husband, and there is no statute requiring witnesses to a mortgage before it is entitled to be placed on record.

An Appeal from the Circuit Court for Polk County, John S. Edwards, Judge.

Judgment reversed.

*Smith* & *Skinner,* for Appellant;

*Lawson Magruder,* for Appellees.

BROWNE, C. J.—On June 7, 1917, Inez Goode and her husband. R. Leslie Goode, executed a mortgage to Agnes G. Walker on certain real estate described therein. The instrument was attested by one subscribing witness, and was properly acknowledged. It was recorded on the 11th of June, 1917, in Polk County, Florida, where the property was situated.

There was undisputed testimony that it was mailed on June 7th to the Clerk of the Circuit Court of Polk County for recordation, and on June 8th, Mr. Walker received a letter from the Clerk acknowledging having received it.

On the 8th of June, 1917, R. Leslie Goode and his wife, Inez Goode, executed a mortgage on the same property in favor of Amalia Heege. This mortgage was recorded in Polk County, on August 18, 1917.

Foreclosure proceedings were instituted by Amalia Heege and Martin R. Heege, her husband, against R. Leslie Goode and Inez Goode, his wife, and Agnes G. Walker. The bill charged R. Leslie Goode with deceit and false representation in connection with certain transactions which are unnecessary to be recited herein, as they in nowise affect the issue presented by the record.

Agnes Walker was not charged with any connection with the deceit and false representations of R. Leslie

Goode, but she was made a party because as alleged in the bill she "claims to have a lien of some kind or character against the above described property in Polk County, Florida, to-wit, Lot land 2 in the S. E. ¼ 10, Tp. 27 S., R. 27 E., but your orators charge that said lien or encumbrance is inferior and subordinate to the lien of your orators' said mortgage."

Agnes Walker filed her answer disclaiming any knowledge of the transaction between Amalia Heege and the Goodes as described in the bill, and set up that R. Leslie Goode and his wife, Inez Goode, executed a mortgage to her on June 7, 1917, which was recorded on June 11; and that it was a prior lien against the property and of superior dignity to the lien of the complainants.

A decree was rendered in favor of the complainants, in which the Chancellor held that their mortgage lien was "prior and superior to any claim of Agnes G. Walker, for the reason that the mortgage made to said defendant, Agnes G. Walker, is not executed according to law, in that it was not executed in the presence of two subscribing witnesses," from which Agnes G. Walker took an appeal to this court. The issue here presented, is whether subscribing witnesses are essential to the validity of a mortgage, except where it is executed by a married woman for the purpose of securing a debt of her husband. Where a married woman executes a mortgage for such purpose, two witnesses are necessary. Sec. 1, Art. XI, Constitution of Florida; Springfield Co. v. Ely, 44 Fla. 319, 32 South. Rep. 892; Cobb v. Bear, 57 Fla. 370, 49 South. Rep. 29.

There is no suggestion in the record that the mortgage was given to secure a debt of the husband, and the question therefore resolves itself into this: do the laws of

Florida require a mortgage to be attested by subscribing witnesses to constitute it a valid lien upon the property described therein and to entitle it to recordation.

Under the modern common law doctrine a mortgage is regarded as a conveyance passing the title of the property mortgaged to the mortgagee, subject to the mortgagor's right of redemption. In this State the common law doctrine has been abrogated by statute and a mortgage is "not a conveyance of the legal title of the right of possession," but is a "specific lien on the property therein described." Sec. 2495, Gen. Stats. of Florida, 1906, Compiled Laws, 1914.

In the early case of Brown v. Snell, 6 Fla. 741, this court said: "The tendency of judicial decisions has long been to consider the mortgage as a mere lien or security, and that the mortgagor remains in fact the real owner of the estate and seized of it against all persons but the mortgagee or his representations, and that it may be conveyed and otherwise dealt with as the estate of the mortgagor. Such is now the well-settled modern doctrine, and it is sanctioned by numerous English and American cases. In the case of the King vs. St. Michael's, 1 Doug. R. 632, Lord Mansfield remarks, 'The mortgagee, notwithstanding the form, has but a chattel, and the mortgage is only a security. It is an affront to common sense to say the mortgagor is not the real owner.'"

In Casborne v. Scarfe, 1 Atkins 603, text 606, Lord Hardwicke says: "The interest of the land must be somewhere and cannot be in abeyance; but it is not in the mortgagee, and therefore must remain in the mortgagors."

There is an unbroken line of decisions by this court wherein the rule thus stated is repeated and affirmed.

McMahon v. Russell, 17 Fla. 698; Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329; Coe v. Finlayson, 41 Fla. 169, 26 South. Rep. 704; Connor v. Connor, 59 Fla. 467, 52 South. Rep. 727.

At common law attestation of a deed or mortgage was not necessary to its validity, therefore attestation is only necessary when required by statute. See Read v. Toledo Loan Co., 68 Ohio St. 280, 67 N. E. Rep. 729, 62 L. R. A. 790.

There is no law in Florida requiring witnesses to a mortgage, except in the case of one given by a married woman to secure the debt of her husband. Neither is there any statute requiring witnesses to a mortgage before it is entitled to be placed on record. A proper acknowledgement is the only prerequisite to entitle it to recordation. Sec. 2481, Gen. Stats. of Florida, 1906, Compiled Laws, 1914.

The mortgage executed by Inez Goode and her husband, R. Leslie Goode, to Agnes G. Walker, was properly acknowledged and entitled to be recorded.

It was therefore a prior lien against the property described therein, and of superior dignity to the lien created by the mortgage from Inez Goode and her husband to Amalia Heege, and the Chancellor should have so held.

The decree is reversed.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD, J., specially concurs.

WEST, J., dissents.

WHITFIELD, J., Specially concurring.—If it be conceded that the statute of frauds, Section 2448, General Statutes, 1906, Compiled Laws, 1914, is not applicable to mortgages of real estate, the transaction shows the instrument executed to appellant to be an equitable mortgage as between the parties thereto, and as the recording statute, under which priority of right is claimed in this case, Sections 2480, 2481, General Statutes, 1906, Compiled Laws, 1914, covers mortgages of real property, and requires only that to entitle any mortgage or "any other instrument concerning real property to such record, *the execution* thereof must be acknowledged" or proved as prescribed, and as the execution of the mortgage of the appellant was acknowledged, before the execution of appellees' mortgage, and as the appellant's mortgage was presented for record before the second mortgage was given, the appellant's mortgage has priority.