H. O. HART and WILLA L. HART, his wife, *Appellants*, v. OREL J. MYERS, as Receiver of Palm Beach Bank & Trust Company, *Appellee*.

Division A.

Opinion filed January 29, 1929.

Petition for rehearing denied February 20, 1929.

*J. Stockton Bryan, Edwin T. Osteen* and *S. L. Lowenstein, Jr.,* for Appellants;

*Blackwell, Donnell & Moore,* for Appellee.

TERRELL, C. J.—The appellee as receiver of the Palm Beach Bank & Trust Company brought suit against the appellants in the Circuit Court of Palm Beach County to foreclose a mortgage on real estate. The defendant, Mrs. Willa L. Hart, filed her answer to the bill alleging in substance that he was a free dealer, that she did not execute the mortgage sought to be foreclosed, that she did sign a mortgage in blank and delivered it to her husband to be filled in and used by him, if he found it necessary, but it was to encumber other property from that described therein, that the blank mortgage signed by her and delivered to her husband was not witnessed, was unacknowledged and was blank as to grantor, grantees, and description of the land, that without her knowledge and consent and in violation of the trust which she reposed in her husband, and in violation of the conditions under which the blank mortgage was signed and delivered to him, he filled in the blanks making the mortgage to the Palm Beach Bank & Trust Company, thereby incumbering her home which was her separate statutory poperty and estate. The defendant, H. O. Hart, filed his answer to the bill setting up substantially the same defense. Testimony was taken and on final hearing a decree of foreclosure was entered. Appeal is taken from this decree.

There is substantial evidence in the record that the mortgage brought in question was delivered to the mortgagee bank in its completed form by the husband; but the evidence is to the effect that Mrs. Hart merely signed a blank form

of mortgage which contained no parties or description of property.

It is true that in this State a wife who has been made a free dealer may ordinarily convey or encumber her separate property without being joined by her husband. Lerch v. Barnes, 61 Fla. 672, 54 So. R. 763, and mortgages so executed do not have to be witnessed. Walker v. Heege, 78 Fla. 667, 83 So. R. 605. But this rule does not apply where the wife gives a mortgage on her separate property to secure the debt of her husband as was the case here. In such cases the mortgage must be executed in keeping with all the requirements of law respecting conveyances by married women. See also Hutchinson v. Stone, 79 Fla. 157, 84 So. R. 151.

Since the property described in the mortgage is the separate property of Mrs. Hart, and since the mortgage is one designed to secure the debt of Mrs. Hart's husband, Sec. 1 of Art. XI of the Constitution controls, notwithstanding that Mrs. Hart had become a free dealer by virtue of the statutory process prescribed by Secs. 3218, et seq, Rev. Gen. Stats. of 1920. Mrs. Hart's status as a statutory free dealer can not affect the mandatory provisions of the Constitution with respect to the manner in which the separate property of a married woman may be made liable for the debt of her husband.

In the instant case the evidence is uncontradicted that the paper signed by Mrs. Hart and delivered to her husband was a blank form of a mortgage without the name of mortgagor, mortgagee or description of property and there is no evidence that Mrs. Hart authorized the names of the parties or the description of the land to be written in the blank form as was done. It was therefore a nullity and even if acknowledged, was ineffective to encumber the sep-

arate property of Mrs. Hart under the circumstances of this case.

The decree below is accordingly reversed.

Reversed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J. AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.