ARLEY M. HATCH, A. P. HATCH and AGNES C. HATCH, joined by her Husband, A. P. HATCH, *Appellants,* v. MAUD BARR TRABUE, Trustee; STEVEN FITZ-JAMES TRABUE and ISAAC HASKINS TRABUE, *Cestuis que trust, Appellees.*

En Banc.

Opinion filed May 21, 1930.

*Thos. W. Butler,* for Appellants;

*Waltmire & Hughes,* for Appellees.

ANDREWS, Commissioner:

Foreclosure proceedings' were brought by appellees as complainants below against appellants as defendants below. The three defendants were personally served, and entered their appearance but filed no other pleadings. Decree *pro confesso* was entered against A. P. Hatch and Arley M. Hatch, but not against Agnes C. Hatch, wife of A. P. Hatch. A final decree was rendered upon the report of the special master; the property was sold and an order duly entered confirming the sale. The defendants, in due course, entered appeal, and assigned error upon the entry of final decree and confirmation of sale.

The first point presented by appellants is that as no decree *pro confesso* was entered against defendant Agnes C. Hatch, who executed the mortgage, the entry of the final decree was error as she was a necessary party, having a contingent dower right and therefore a right to redeem.

The three notes secured by the mortgage are signed only by A. P. Hatch and Arley M. Hatch, while the mortgage is executed also by Agnes C. Hatch, wife of A. P. Hatch.

If the mortgage is upon partnership real estate, the wives of the mortgagors are not necessary parties defendant in foreclosure, and the wife has only contingent rights in what may be left after the settlement of partnership affairs. See Price v. Hicks, 14 Fla. 565; Loubat v. Nourse, 5 Fla. 350; 3 Jones on Mortgages (8th Ed.) 276, Sec. 1808; Shanks v. Klein, 104 U. S. 18, 26 L. Ed. 635.

It is also observed that the mortgage here involved states that it is a ''purchase-money mortgage''; and as dower is not claimable against a purchase-money mortgage, the wife need not be joined in the proceedings to foreclose. 42 C. J. 53, Sec. 1574; 19 R. C. L. 532, Sec. 334.

In the case of Code v. Walker, 214 Ala. 675, 108 So. R. 594, it is held that a wife who joins her husband in execut-

ing a purchase money morgage is a proper, but not a necessary, party to a foreclosure of the mortgage. She would no doubt have the legal right to redeem in due course by paying the amount due upon the mortgage in which she relinquished any contingent dower, even though a decree *pro confesso* were or were not entered against her. See McMahon v. Russell, 17 Fla. 698. Even the entry would not deprive her of the right to question the legality and material correctness of the proceedings. Lybass v. Ft. Myers, 56 Fla. 817, 47 So. R. 346.

In the case of Taylor v. Mathews, 53 Fla. 776, 44 So. R. 146, it was held that it is not essential that a mortgage given by a purchaser of real estate to secure the deferred payment of purchase money should be executed by the purchaser's wife. 1 Jones on Mortgages (8th Ed.), Sec. 582 et seq. Under the circumstances no error was committed by failure to enter a decree *pro confesso* against Agnes C. Hatch, as she was not a necessary party to the foreclosure suit, having no dower interest in the land involved, as against such purchase money mortgage.

Appellants also contend that the final decree is fatally defective in that it awards attorney's fees of $986.25 without there being any evidence produced as to the reasonableness of the amount. The notes carry no provision for solicitor's fees. The mortgage stipulates that mortgagors agree "to pay all and singular the costs, charges and expenses, including lawyer's fees, reasonably incurred or paid at any time by said mortgagees." The allegation of the bill on that issue merely recites the above. We note that there is no allegation in the bill that complainant had paid, incurred or obligated himself to pay his solicitors any amount, nor stated or proved that complainant is liable in the amount stated as reasonable value of solicitors' services.

In passing on a similar point this Court has said that the

complainant is not entitled to make a profit on the mortgagors' failure to pay a solicitor's fee by recovering judgment for a larger amount than he actually pays, or is obligated to pay his solicitor or attorney; the object being that the mortgagee or payee shall be at no expense in procuring legal services. Brett v. First National Bank of Marianna, 97 Fla. 284, 120 So. R. 554; U. S. Savings Bank v. Pittman, 80 Fla. 423, 86 So. R. 567; Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 779, 124 So. R. 41; Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 So. R. 252; 1 Jones on Mortgages (8th Ed.) Sec. 442; 8 C. J. 1101, Sec. 1436.

The master's report contains no evidence as to attorney's fees, and no testimony appears to have been taken by the court. The decree of the court, however, finds: "That there is due from the defendants * * * the further sum of $986.25 for the services of the complainants' solicitors * * * which said sum is found to be reasonable."

It has been held that in the absence of affirmative showing to the contrary, this Court must assume that the recitals contained in the decree of the chancellor are based upon proof submitted to him. Webster v. Brown, 91 Fla. 1007, 109 So. R. 320; Wang v. First National Bank, 92 Fla. 974, 110 So. R. 527; Jackson v. Jackson, 80 Fla. 557, 86 So. R. 510.

Even admitting that a decree for solicitors' fees can properly be based upon such findings of the chancellor, in this case, as pointed out, there was no allegation sufficient upon which to base a solicitor's fee. Also, while the fee allowed is only ten per cent of the principal and interest due on the mortgage indebtedness, it is more than one-third of the amount for which the property sold at master's sale.

This cause is remanded with directions to the chancellor to modify the decree by eliminating that part of same allowing solicitor's fees, and upon the decree being so modified

and entered, that the same stand affirmed, and that the costs of the appeal be taxed against the appellees.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that this cause be and the same is hereby remanded with directions to the chancellor to modify the decree by eliminating that part of same allowing solicitor's fees, and upon the decree being so modified and entered, that the same stand affirmed, and that the costs of the appeal be taxed against the appellees.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.