JAMES MOREHEAD and MATTIE MOREHEAD, his wife, *Appellants* vs. THE FIRST NATIONAL BANK OF LAKE CITY, a banking corporation, as Administrator of the Estate of George Dix, alias Geo. Dicks, alias George Dixon, deceased, *Appellee.*

136 So. 353.

En Banc.

Opinion filed July 27, 1931.

Petition for rehearing denied September 15, 1931.

*Bernard H. English,* for Appellants;

*Wilson & Wilson,* for Appellee.

BUFORD, C.J.—In this case a final decree was entered in a foreclosure suit requiring the defendant in the court below, Morehead to pay the complainant $525.85 together with the sum of $150.00 as attorney's fees and the cost of the court to be computed by the Clerk.

The only question presented to us here for consideration is whether or not the court committed reversible error in allowing the sum of $150.00 as attorney's fees.

The bill of complaint contains the following allegation:

"and complainant says that it has obligated itself to pay to its solicitors, Wilson & Wilson, in this case such reasonable attorney's fees as shall be allowed by the court for their services for the foreclosure of said mort-

gage and that ten per cent is not a reasonable attorney's fee to be allowed by the court for such services.''

In support of this allegation Hon. J. B. Hodges, a reputable attorney of Lake City, Florida, testified as follows:

''I have examined the bill and answer, application for injunction and Writ of injunction, as to the amount of work done by the solicitors for complainant. I would say that One Hundred and Fifty Dollars would be a reasonable fee to be allowed them in this matter. This is based on the work done and the fact that the complainant expects to have transmitted a good title by the foreclosure of the mortgage mentioned in the bill.''

Mr. R. W. Farnell, also a reputable attorney of Lake City, Florida, testified to like effect.

Mr. W. H. Wilson, of solicitors for complainant, testified as follows:

''The fee which complainant agreed to pay was to be a reasonable fee as allowed by the court in this case. Complainant obligated itself to pay such fee as the court determined to be reasonable.''

The allegations of the bill of complaint and the proof submitted in support thereof complied with the law as stated in this regard in Brett vs. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 544, and in subsequent opinions and judgments of this court following the rule there stated.

There was no evidence offered contradicting any of that herein quoted.

While it appears to us that the fee allowed was, indeed, large, considering the amount involved, we cannot say that the Chancellor committed reversible error in allowing that fee, because his findings in that regard are supported by the evidence offered touching that issue.

The decree, therefore, should be affirmed and it is so ordered.

Affirmed.

524

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.
ELLIS, J., not participating.