SIMON F. WILLIAMS and MARY S. WILLIAMS, his wife, FRANCIS SWINDAL, joined by C. H. SWINDAL, her husband, and CASPER HOWARTH, *Appellants,* vs. JOSEPH R. DUNN, as Receiver of Peoples Bank of Jacksonville, a corporation, *Appellee.*

143 So. 161.

En Banc.

Opinion filed July 19, 1932.

*Newcomb Barrs* and *E. P. Axtell,* for Appellants;

*Kay, Adams, Ragland & Kurz,* for Appellee.

PER ·CURIAM.—After the appeal taken herein was quashed under the statute (141 So. 190) a reargument on the merits was ordered and had.

Where opposing counsel accepts due notice of final hearing of a chancery cause, the mere failure of the mov-

ing counsel to make entry in the order book that the case is "set down for a hearing," under Rule 86, will not render a decree erroneous, where counsel who accepted notice of the hearing appeared at the hearing and objected to the entry of a decree only because the case was not "set down for a hearing" in the chancery order book. When the court overrules such an objection, it must be assumed that the failure to make an entry setting the cause down for a hearing could not be harmful to the opposite party, in the absence of a contrary showing. A mere failure to comply with the particular provision of the rule does not necessarily result in injury to the adverse party or require a decree to be reversed on appeal. This holding does not conflict in the decision in Esch vs. Foster, 99 Fla. 717, 127 So. 336.

An allegation fully quoted in the former opinion (141 So. 190) alleges that the complainant mortgage holder "has incurred and will continue to incur expenditures * including the fees of its solicitors in this proceeding, all of which are secured by the terms of the mortgage" which taken in connection with other allegations and the mortgage, in effect states that the complainant has incurred and will incur expenses of attorneys fees. The mortgage made a part of the bill of complaint contains a covenant to pay all * charges and expenses, including * reasonable attorneys' fees for collecting the debt.

Such allegations, unchallenged before final decree, when considered as stated afford a sufficient basis for adducing testimony as to reasonable attorney fees incurred in foreclosing the mortgage. This holding does not conflict with the rule stated in Blount Bros. R. Co. vs. Eilenberger, 98 Fla. 775, 124 So. 41.

The suit was brought by the bank and when it failed the receiver of the bank became the complainant. The

president of the bank. testified that complainant's attorneys

> "were under retainer, and it was understood any business that they handled would be handled on a reasonable basis."
>
> Q. "The understanding was that whatever business was sent to them by your bank that you would pay for that service a resonable fee?"
>
> A. "That is right."

The receiver of the bank testified:

> Q. "Please state whether or not you authorized us on behalf of yourself as receiver to continue this litigation after you took charge of the bank.
>
> A. I did. I had no specific understanding with them (complainant's attorneys) except just a general understanding that they would be paid a reasonable fee."

There was other similar testimony.

The president of the bank testified that the bank officials had retained complainant's attorney, "and under agreement with them that we would send them our business. This note was sent under that arrangement." The witness afterwards testified that such agreement was in writing, whereupon counsel for defendant moved to strike all testimony as to the agreement, as the agreement is in writing. But the witness further testified:

> Q. "Was there any agreement in writing dealing with special matters that the bank would refer to us (the attorneys for complainant) for legal action or suits?"
>
> A. "No, nothing of that kind."
>
> The Master: "I think the witness has testified that the letter did not cover the amounts agreed to be paid for such services as these."
>
> The witness: "That is correct."

The admission of parol testimony as to the agreement to pay reasonable attorney fees for actions or suits brought by the attorneys was proper. There is ample evidence showing an obligation to pay a reasonable at-

·torney's fee and to sustain the decree for $750.00 attorney fees in the case.

A lien was decreed upon the property for "the sum of eight thousand four hundred thirty-one and 34/100 ($8,431.34) dollars together with interest thereon," which aggregate amount includes attorney fees, $750.00. The other items are: principal, $5,937.50; interest $1,692.84; cost abstract of title, $51.00; total without attorney fees, $7,681.34. The decree does require payment "to the complainant the sum of seven thousand six hundred eighty-one and 34/100 ($7,681.34) dollars, together with interest thereon from the 24th day of November A. D. 1931, to date of the sale." The master's report was filed November 24, 1931, and the decree was rendered December 7, 1931. If this latter provision of the decree erroneously permits interest to be charged on the items for interest and on the item for abstract of title for the few days between November 24 and December 7, 1931, the error may be remedied by the court in approving the distribution of the proceeds of the foreclosure payments or the sale. This question was not presented on the former consideration of the case.

The order quashing the appeal is vacated and the decree appealed from is affirmed. See Roberts Bros. et al. v. Langford, 99 Fla. 1268, 128 So. 810.

Affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J.—Upon reconsidering this case upon its merits I have arrived at the conclusion that there are presented questions which may not be resolved without due consideration of them. One of them being the sufficiency of the allegations as to the Receiver's obligation to pay solicitors fees and whether the evidence submitted' supported such allegation if the latter should be held to be

sufficient. Therefore the appellants were entitled to the full benefit of Rules 85 and 86 of Rules of the Circuit Court in Equity actions and the case of Esch vs. Foster, 99 Fla. 717, 127 S. W. 336, is authority for the contention made by appellants although in this case testimony was taken while in the case cited the hearing proceeded on bill and answer. The rules however apply with equal force to each situation.