STATE OF FLORIDA, on the relation of CARY D. LANDIS, as Attorney General, and GEORGE J. ROSENTHAL, *Relators,* v. OVERSEAS BRIDGE CORPORATION, a corporation, *Respondent.*

147 So. 219.

En Banc.

Opinion filed February 7, 1933.

Re-hearing denied April 8, 1933.

226

*Waller & Pepper and Irving, J. A. Renno,* for Relators;

. *H. H. Taylor,* for Respondent.

BUFORD, J.—The Attorney General, joined by George J. Rosenthal, filed information in the nature of *quo warranto* to test the right of the respondent, Overseas Bridge Corporation, a corporation organized under the laws of the State of Florida, to exercise a certain franchise pretended and attempted to be granted to said corporation by the State Road Department of the State of Florida purporting to act pursuant to authority conferred by Chapter 15024, Laws of Florida, 1931.

Motion was filed to strike certain portions of the information. It is unnecessary to set out the paragraphs sought to be stricken. The paragraphs are identified in the motion by reference to pages of the information.

Motion to strike the paragraphs quoted from pages 4 and 5, and paragraph quoted from pages 6 and 7, and paragraph quoted from pages 9 and 10 is denied. Motion to strike that part of paragraph quoted from page 10 is granted, as is also that paragraph quoted from pages 10 and 11.

Demurrer was filed containing eleven grounds. The first ground of the demurrer is based upon the contention that

Chapter 15024, Laws of Florida, Acts of 1931, repealed Chapter 11640, Acts of 1925, and also repealed Sections 2740, 2741 and 2743, and Paragraph Sixth of Section 2153 Comp. Gen. Laws, 1927, insofar as they relate to toll bridges.

The Rosenthal franchise was granted under authority of Chater 11640, approved November 23, 1925.

The validity of the franchise claimed by George J. Rosenthal is not at issue in this case and whether it be a valid franchise or not is not to be determined here because at this time the State, through its Attorney General, vouches for the validity of the Rosenthal franchise. Therefore, for the purpose of this suit, it must be assumed that the Rosenthal franchise is valid and thus assuming we proceed upon the theory that it is so.

Chapter 15024 not only fails to repeal directly or by implication Chatper 11640, *supra,* but by its very terms in Section 8 thereof protected all franchises theretofore granted by the Legislature or by any State or County Agency for toll bridges or roads that had then been accepted. The Rosenthal franchise had been accepted. Sections 1692 to 1695, inclusive, R. G. S., 2740 and 2743, inclusive, C. G. L., and paragraph numbered Sixth of Section 2153, are not involved here because the relator claims no rights under those provisions of the law, but claims his rights under the provisions of Chapter 116 *supra.*

The Rosenthal franchise contained the following provisions:

"And the said Franchise is hereby issued on the following terms and conditions, to-wit: The said George J. Rosenthal shall furnish to the county a penal bond, on or before six months from date of this Franchise, in the sum of Five Hundred Thousand Dollars ($500,000) conditioned that

the said George J. Rosenthal shall begin actual physical construction of said Bridges, Causeways and/or Fills within ninety days from the date of the furnishing of the said Bond and shall complete said bridges within thirty-six months from the date of the commencing of building operations, unless the same is rendered impossible of strict performance by an act of God, changing elements, earthquake, or the public enemy. Said Bridges, Causeways and/or Fills to be constructed according to the plans and specifications hereafter to be submitted by the said George J. Rosenthal and which are to be approved by the United States War Department."

The second ground of demurrer challenges the right of Rosenthal to maintain this suit because he has not complied with the above quoted provision of the franchise. The record shows, however, that on the 14th day of January, 1931, which was within six months after the 6th day of August, 1930, when the franchise was granted by the County Commissioners of Monroe County, the County Commissioners at and in a regular seession convened, adopted a resolution containing the following:

"WHEREAS, it appears it will be for the best interest of said County that said request for extension be granted, Now, Therefore,

"BE IT RESOLVED, by the Board of County Commissioners of Monroe County, Florida, in regular session convened, 'that the franchise described in the preambles of this resolution be amended in one particular, that the time within which the said George J. Rosenthal, grantee in said Franchise, shall furnish to the County a penal bond in the sum of Five Hundred Thousand Dollars, provided for in said Franchise, is hereby extended to and including the 6th day of July, A. D. 1931.' "

And on the 2nd day of July, 1931, the Board of County Commissioners, in regular session convened, adopted another resolution containing language identical with that above quoted, except that the time was extended for another six months, or until the 6th day of January, 1932; and on the 21st day of November, 1931, the County Commissioners, in special session convened, adopted a resolution in like language extending the date to the 6th day of April, 1932, and on the 14th day of March, 1932, the Board of County Commissioners, in special session convened, adopted another resolution in like language whereby they extended the day for furnishing the bond to and including the 31st day of December, 1932. And so it is by the contract entered into between the parties, the date for the furnishing of the bond by Rosenthal was extended from time to time until it included the 31st day of December, 1932.

In the meantime, the record shows that the State Road Department, on the 24th day of September, 1932, attempted to grant an exclusive franchise to the respondent herein covering in effect the same subject matter covered in the Rosenthal franchise, which granting of such franchise purported to be done under authority conferred by Chapter 15024, *supra*. Elsewhere in the record the constitutionality of that legislative act is challenged, but it is not necessary for us to discuss the constitutionality of the Act because if it be valid, the provisions of Section 8 preclude its having any effect on the Rosenthal franchise.

Other grounds of the demurrer which we deem it needful to discuss presented the question as to whether or not Rosenthal was required under the terms of his franchise to perform any other conditions precedent within the time named therein except that of furnishing the bond in the sum of $500,000.00. The conduct of the parties shows conclusively that the construction placed upon the contract by

them was that Rosenthal was to furnish the bond within the time named in the franchise, or within the time named in each of the respective extension resolutions, and was then to have ninety days after the furnishing of such bond within which to perform such of the conditions as were required to be performed before the beginning of actual physical construction.

Now, as stated above, the State Road Department attempted to grant the exclusive franchise to the respondent on the 24th day of September, 1932, and the record shows that the Board of County Commissioners of Monroe County, on the 23rd day of September, 1932, by resolution, approved the exclusive franchise attempted to have been made by the State Road Department to the respondent, and by this act the Board of County Commissioners placed Rosenthal in a position where he could not safely proceed to carry out his obligation to furnish the bond. In other words, the Board of County Commissioners had joined in an act which was equivalent to a breach of the contract on its part and which changed the position of Rosenthal to his detriment.

The allegations of the information show that Rosenthal was ready, willing and able to furnish the bond required by the terms of the franchise and the extension thereof. It was not necessary (though he may have done so) for Rosenthal to tender the bond after the County Commissioners had taken the action above referred to because the County Commissioners could not have in good faith accepted the bond, had it been tendered.

The conclusion is that Rosenthal at the date of the institution of this suit was the holder of a presumably valid franchise issued by the Board of County Commissioners under legislative authority to perform the acts and things granted in such franchise and particularly under the con-

ditions named therein to "construct, operate and maintain Toll Bridges, Causeways, and/or Fills over and across the waters of Monroe County and State of Florida from No Name Key, Florida, to Lower Matecumbie, Florida, connecting up the two ends of the State Road 4-A and known as Oversea Highway as provided in the said plans and routes as approved by the War Department of the United States of America"; that such right and franchise was obstructed by action of the Board of County Commissioners in on September 24th, 1932, approving a pretended franchise attempted to have been granted by the State Road Department to the Respondent on the same date; that the pretended franchise attempted to be granted by the State Road Department was without authority of law because the granting of the same was in conflict with Section 8 of Chapter 15024, Acts of 1931, and there is no other pretended authority for such action.

The answer herein presents practically the same issues which are presented by the demurrer and presents no issues of fact contrary to those presented by the information. For the reasons hereinabove stated that the demurrers should be, and are, overruled, the answer is held to be insufficient. The writ of ouster should issue and it is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., and LOVE, Circuit Judge, concur.