BUCHANAN & CROWDER, INC., v. HARRY M. KREAMER, *et al.*

162 So. 500.
Division A.
Opinion Filed June 25, 1935.

*Sutton, Tillman & Reeves,* for Appellants;
*E. Dixie Beggs,* for Appellees.

WHITFIELD, C. J.—In mortgage foreclosure proceedings the court decreed for plaintiffs including an award of attorney fees against the defendants in the sum of $7,531.87 for the debt, and $700.00 attorney fees and costs. On appeal by the defendants it is contended that there is no legal predicate in the bill of complaint for the award of attorney fees to the plaintiff.

"It is incumbent upon the mortgagee, who seeks in foreclosure proceedings to recover solicitor's fees from the mortgagor, to allege and prove that he has paid, or obligated himself to pay his solicitor reasonable fees for the latter's services in the proceedings. * * *" Brett v. First Nat. Bank of Marianna, 97 Fla. 284, 120 So. 554. See also Hatch v. Trabue, 99 Fla. 1169, 128 So. 420; U. S. Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567; Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41; Sun City Holding Co. v. Schoenfeld, 97 Fla. 277, 122 So. 252; 1 Jones on Mortgages (8th Ed.) paragraph 442; 8 C. J. 1101, paragraph 1436; Berns v. Harrison, 100 Fla. 1105, 131 So. 654; Vieno v. Fields, 101 Fla. 191, 133 So. 891; Jaudon v. Equitable Life Assur. Soc. of U. S., 102 Fla. 782, 136 So. 517; Williams v. Dunn, 108 Fla. 228, 143 So. 161.

The note secured by the mortgage contains the following: "Should it become necessary to collect this note, through an attorney, either of us, whether maker, security or endorser

of this note, hereby agrees to pay all cost of such collection, including a reasonable attorney's fee."

The bill of complaint alleges: "Your Plaintiffs would further represent that they have placed the said note and the mortgage in the hands of the undersigned Attorney for collection and foreclosure, thereby obligating themselves to pay their Attorney herein a reasonable Attorney's fee, to be fixed by this Court, by reason whereof Plaintiffs claim of and from the defendants, Buchanan & Crowder, Inc., a Florida Corporation, a reasonable Attorney's fee for their Attorney herein, to be determined by this Court."

The allegations that the plaintiffs had placed the note and mortgage in the hands of the attorney for collection and foreclosure, thereby obligating themselves to pay their attorney herein a reasonable attorney's fee, to be fixed by the court, sufficiently alleges an obligation to pay a reasonable attorney's fee to be fixed by the court, and this satisfies the requirements of the rule above stated. The sufficiency of the allegation was not challenged before final decree.

One of the plaintiffs as a witness in the case was questioned and answered as follows:

"Q. Have you agreed to pay anyone any fee for the collection and foreclosure of this mortgage and the note just offered in evidence? A. Yes, we are to pay you only such fees as are considered reasonable and moderate for the handling of such cases.

"Q. To be determined by the Court? A. Yes."

Such evidence of an assumed obligation to pay a reasonable attorney's fee to be fixed by the court under the quoted and unchallenged allegations of the bill of complaint, justified an award of attorney's fees to the plaintiffs.

There is specific evidence that $700.00 is a reasonable

attorney's fee; and while there is some indication that the award of that amount on the particular facts of this case may be excessive, there is not a sufficient showing of excessiveness to warrant this court in reversing the decree as rendered. See Flournoy v. Smith, 84 Fla. 553, 94 So. 503; Morehead v. First Natl. Bk., 102 Fla. 522, 136 So. 353; Williams v. Dunn, 106 Fla. 228, 143 So. 161.

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.