C. O. Teate v. David Anderson.

164 So. 849.
Division B.
Opinion Filed December 27, 1935.

*Henry L. Williford* and *James E. Kirk,* for Appellant;
*N. G. & John Fite Robertson,* for Appellee.

Buford, J.—The appeal in this case brings for review a decree of foreclosure in an ordinary mortgage foreclosure suit.

The appellant in his brief states that there are four questions for us to determine, as follows:

"1. Where it becomes necessary to prove the execution of a mortgage by attesting witnesses, can this be done by having one of such witnesses testify that the signature thereon is that of the mortgagor?

"2. Is the complainant entitled to recover attorney's fees in a mortgage foreclosure upon an allegation and proof that

complainant agreed and obligated himself to pay his attorneys a reasonable fee?

"3. Is it proper in an ordinary mortgage foreclosure to award approximately ten per cent. of the principal and interest due as a reasonable attorney's fee, where it appears that the only attorney testifying as to what would constitute a reasonable fee states that he never received ten per cent. as a fee on a mortgage that large and did not know of any lawyer being paid ten per cent. in a foreclosure of this size.

"4. In an ordinary mortgage foreclosure where no unusual skill or labor is required and the amount found to be due $15,000.00 principal and $1,414.50 interest, should the Chancellor award the sum of $1,600.00 as a reasonable attorney's fee?"

The first question is of no moment because the record shows that the mortgagor took the stand as a witness in his own behalf and testified that he executed the mortgage; and not only that, but he testified that he prepared the document in his office and signed it there and that the signature appearing on the mortgage is his signature and that he delivered it to Mr. Burkett, the attorney for the mortgagee. This was all that was necessary to make it a binding agreement between the parties. See Walker v. Heege, et al., 78 Fla. 667, 83 Sou. 605.

As to the second question, the note which was introduced in evidence without objection and which was made a part of the bill of complaint, contained the following provision:

"Now, should it become necessary to collect this note through an attorney, then I, or we, whether maker or endorser, hereby agree to pay all costs of such collection, including a reasonable attorney's fee."

The bill of complaint alleged, referring to complainants, "that they have placed the said note and mortgage in the hands of the undersigned attorney for collection and foreclosure, thereby obligating themselves to pay their attorney herein a reasonable attorney's fee."

These allegations were sufficient under the holdings of this Court in the case of Buchanan & Crowder, Inc., v. Kramer, *et al.,* 120 Fla. 203, 162 Sou. 500.

The proof supported the allegations.

The third and fourth questions may be considered together. An attorney at law was introduced who testified that the sum of $1,600.00 would be a reasonable fee for the attorney's service in this case. There was no testimony to the contrary. If that was not a reasonable fee, or if counsel or the defendant conceived it to be excessive, it was the duty of the defendant and his counsel to give the Chancellor the benefit of evidence tending to show that such amount would be an excessive fee.

We find no reversible error disclosed by the record, and, therefore, the decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment