D. S. SELLARS and BEULAH SELLARS v. FIRST NATIONAL BANK OF DEFUNIAK SPRINGS.

193 So. 819
Division B
Opinion Filed February 16, 1940

*W. W. Flournoy,* for Appellants;

*A. G. Campbell, Jr.,* for Appellee.

PER CURIAM.—This appeal brings for review final decree in foreclosure proceedings, awarding foreclosure of a mortgage and allowing an attorney's fee of $624.00.

It is contended that the allegations and proof as to the contract of employment between plaintiff bank and its solicitor are insufficient upon which to predicate the allowance of attorney's fees in the final decree.

The sixth paragraph of the bill of complaint alleged in

the following language, plaintiff's employment of a solicitor, and its engagement to pay him for his services:

"That said notes and mortgage contain provisions to the effect that should it become necessary to place said instruments in the hands of an attorney for collection of foreclosure your respondents agree to pay all costs, including a reasonable attorney's fee, and that it has become necessary to place said instruments in the hands of an attorney and your complainant has employed A. G. Campbell, Jr., its solicitor of record, for the purpose of collecting or foreclosing and has agreed to pay to said attorney a reasonable attorney's fee, as determined by the court."

Defendants' answer replied to these allegations of the bill of complaint in the following language:

"As to the averments of paragraph numbered 6 of the bill of complaint, the defendants say:

"(1) The essential averments are not made to authorize allowing any attorney's fee to the complainant.

"(2) The averments are indefinite and insufficient to authorize taking testimony concerning allowing any attorney's fee to the complainant.

"(3) The defendants neither admit nor deny the averments of said paragraph, but pray that proper and sufficient proof of and concerning the same and the amounts to be allowed, if any, as attorney's fee to the complainant shall be in due course submitted herein to this court."

The final decree contained the following in regard to the allowance of a solicitor's fee to plaintiff:

"ORDERED, ADJUDGED AND DECREED that the court has jurisdiction of the subject matter and the parties hereto, and that there is due and unpaid on the said notes and mortgage for principal and interest the sum of $6,251.51, and the sum

of $624.00, a reasonable attorney's fee for complainant's attorney herein, aggregating the sum of $6,876.51."

The cause was referred to a special master for taking testimony. Testimony was taken on several dates, both parties announced that they rested, and the final report was made by the special master to the court. The record of the evidence as taken before the special master does not expressly and specifically show any proof of the fact that the attorney who brought the suit was employed to foreclose the mortgage and that plaintiff agreed to pay him a reasonable fee for his services. But such express proof was not necessary under the pleadings, in this case.

The allegations contained in the bill of complaint in regard to plaintiff corporation employing an attorney to foreclose the mortgage and agreeing to compensate him for his services are entirely sufficient on authority of Moorehead v. First National Bank of Lake City, 102 Fla. 522, 136 So. 353.

Subdivisions (1) and (2) of paragraph six of the answer, replying to paragraph six of the bill, are, in effect, merely a challenge of the sufficiency of the allegations of the sixth paragraph of the bill. Since we hold that the allegations of the sixth paragraph of the bill sufficiently allege the employment of the record attorney to foreclose the mortgage and an agreement to pay him a reasonable fee, subdivisions (1) and (2) of the sixth paragraph of the answer are without merit. They put no fact in issue as to the attorney's employment and the alleged agreement as to his fee. Subdivision (3) of paragraph six of the answer neither admitted nor denied the allegations of paragraph six of the bill but demanded proper and sufficient proof thereof. Section 34 of the 1931 Chancery Act, Sec. 4902 (15) C. G. L., Perm. Supp., provides:

"The defendant in his answer shall in short and simple terms set out his defenses to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but *specifically admitting* or *denying* or *explaining* the facts upon which the plaintiff relies, *unless* the *defendant* is *without knowledge,* in which case he *shall so state,* such *statement operating as a denial. Averments other than* those of *value* or *amount of damage, if not denied, shall be deemed confessed,* except as against an infant, lunatic or other person *non compos* and not under guardianship, but the answer may be amended, by leave of the court upon reasonable notice, so as to put any averment in issue, when justice requires it. * * *" (Emphasis supplied.)

Defendants failed, in the sixth paragraph of their answer, to specifically deny the allegations of the sixth paragraph of the bill of complaint, or to state that defendants were without knowledge as to the same. This failure on defendants' part, by force of the statute, operated as an admission of the allegations contained in the sixth paragraph of the bill. See Clermont-Mineola Country Club v. Loblaw, 106 Fla. 122, 143 So. 129; Exchange National Bank of Tampa v. Clark-Ray Johnson Co., 95 Fla. 734, 116 So. 647; Citizens Bank & Trust Co. v. Grey, 100 Fla. 958, 130 So. 274. Admission by the pleadings of paragraph six of the bill of complaint, dispensed with the necessity of proof thereof, except as to the value of the services of plaintiff's attorney, as to which there was ample proof.

It is contended that the fee of $624.00 allowed for plaintiff's attorney was unreasonable.

The record shows that Hon. L. H. Brannon, an attorney at law, introduced as a witness for plaintiff, testified that $25.00 plus 10 per cent would be a reasonable attorney's

fee in this case. Defendants did not produce any witness to show that this would be an unreasonable fee, or to show what fee would be considered reasonable. The court found that the amount due under the mortgage was $6,251. The fee allowed plaintiff's attorney of $624.00 was not quite 10 per cent of the amount found due under the mortgage. So there was ample evidence, uncontradicted by defendants, as to what a reasonable fee for plaintiff's attorney would be in this case, and the court allowed a fee which was less than that testified to be a reasonable one. We are not warranted, under these circumstances, in holding the fee to be excessive.

No error having been made to appear in the judgment below, it is accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.