**FIRST NATIONAL BANK OF JUPITER v. BALMAR CORPORATION.**
No. 73-2066-CA(L)-03.
Circuit Court, Palm Beach County.
February 11, 1974.

Robert Clark Ross, West Palm Beach, for the plaintiff.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon a petition for attorney's fees in connection with this mortgage foreclosure. Robert Clark Ross, Esquire, is counsel for plaintiff and there has been no appearance in this or prior proceedings in this court by the defendant Balmar.

Plaintiff presented an affidavit from one attorney attesting that a reasonable attorney's fee in this case would be $11,000. Another attorney on behalf of plaintiff has testified that his opinion also is that the fee should be $11,000. Although expert testimony as to attorney's fees is entitled to great weight, it is neither conclusive nor binding on the court. Folmar v. Davis, Fla. App. 3, 108 So.2d 772.

The expert opinion of one of the witnesses is based primarily on the amount involved — $140,000 — and on the fact that in his opinion this is not a "routine" foreclosure. The court agrees that this is not a routine foreclosure, but, on the other hand, it does not appear to involve unusually complex legal or factual situations or protracted and hard-fought litigation. Counsel for plaintiff has stated that he has expended 25 hours in this case and he anticipates additional work yet to be done.

The amount in controversy is an important factor to consider in determining reasonable attorney's fees and this is given particular weight where, as here, allowance thereof may be considered in the nature of a penalty as well. See Traveler's Insurance Co. v. Davis, CA5, Fla., 411 F. 2d 244 (1969). Nevertheless, the amount in controversy is only one factor. In assessing attorney's fees in mortgage foreclosure suits the amount assessed should not be based solely on a contingent contract, such as might exist between an attorney and client, but should represent only a reasonable fee for the services actually performed. The reason for this is set forth in Ronlee, Inc., v. P. M. Walker, Fla. App. 3, 129 So.2d 176 —

> "The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in absence of recovery, the fee to be paid in the event of recovery usually is set higher than would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting with

his attorney. It must be kept in mind that the defendant . . . was not a party to the fee contract which the (plaintiff) made with its attorneys, and is not bound thereby."

The amount is to be determined not from the point of view of lawyer and client — they are free to make any arrangement they wish — but from that of the court balancing the equities among all parties. Traveler's Insurance Co. v. Davis, supra. The court should, of course, consider the nature of the suit, the amount in controversy, any unusual features of the case, and the contingency or certainty of compensation, Penn-Florida Hotel Corp. v. Atlantic National Bank, 170 So. 877, 880, but the basis must be "quantum meruit or quid pro quo." Brickel v. DiPetro, 12 So.2d 782. See also Flournoy v. Smith, 94 So. 503; Sellers v. First National Bank of De Funiak Springs, 193 So. 819.

Taking all these factors into account, it is thereupon ordered that the defendant shall be assessed an attorney's fee in the amount of $4,000.