779 So.2d 410 (2000)
Joseph K. HAMMERL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2669.
District Court of Appeal of Florida, Second District.
September 8, 2000.

*411 ORDER DENYING REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

PER CURIAM.
Joseph K. Hammerl has filed a document entitled "Motion to Withdraw Appeal" in which he asks this court to dismiss his pending summary postconviction appeal "without prejudice, expressly reserv[ing] the right to file a timely appeal at some future date." We deny his motion[1] without prejudice to Mr. Hammerl to file an unconditional voluntary dismissal of this appeal. We publish this order to explain that a district court has no authority to alter or condition the legal effect of an order dismissing any appeal. If a final appeal is dismissed after the time for appeal has expired, this court's order of dismissal cannot reserve to the appellant any right for a subsequent appeal of the same order. On the other hand, if a nonfinal appeal is voluntarily dismissed prior to its disposition on the merits, this court's order of dismissal does not restrict the appellant's ability to raise the same issues in a later final appeal. Our orders of dismissal simply do not affect these jurisdictional rights.
Dismissals of civil actions in trial courts, whether voluntary or involuntary, are routinely entered without prejudice to the party to refile the action. Florida Rule of Civil Procedure 1.420 acknowledges that voluntary dismissals of civil actions are without prejudice unless denominated otherwise in the notice or stipulation, or unless the voluntary dismissal in question follows a refiling after a prior voluntary dismissal. Appellate jurisprudence, on the other hand, has no provision for dismissals without prejudice of final appeals or original proceedings. District courts in Florida have jurisdiction over appeals and certiorari petitions only if the court's jurisdiction is timely invoked. In postconviction proceedings, criminal defendants must institute an appeal within thirty days of the rendering of the order appealed. See Fla. R.Crim. P. 3.850(g); Fla. R.App. P. 9.110(b), 9.140(a). Mr. Hammerl's notice of appeal was timely filed, but if we dismissed this appeal and he later attempted to invoke our jurisdiction to review the order, his second notice would be untimely. We would be required to dismiss that appeal. His attempt to preserve a right to a second appeal is not authorized by the Florida Constitution, the Florida Rules of Appellate Procedure, or Florida Statutes. This court cannot provide him an avenue of redress that it is not empowered to grant.
This court on occasion encounters conditional voluntary dismissals in nonfinal or interlocutory appeals that attempt to preserve appellate review of a nonfinal order in a subsequent final appeal. Florida Rule of Appellate Procedure 9.130(g) provides for review of all nonfinal orders on appeal from the final order in a trial court proceeding. The voluntary dismissal of an interlocutory appeal before a decision is rendered on the merits of the claim does not foreclose the appellate court's jurisdiction to review a nonfinal order at a later time so long as a notice of appeal is filed within thirty days of the rendition of the final order or judgment. In these instances, a "voluntary dismissal without prejudice" simply asks an appellate court to *412 preserve a right that the appellate rules already provide.
In the future, when a voluntary dismissal without prejudice is filed in this court in an attempt to preserve a right to which a party is not entitled-and which this court is without the authority to grantor in an attempt to preserve a right that is already conferred upon the party by court rule, statute or other authority, this court intends to deny relief without prejudice to the party's filing of a subsequent, unconditional voluntary dismissal.
Mr. Hammerl's "motion to withdraw appeal" is accordingly denied without prejudice to him to file an unconditional voluntary dismissal.
PARKER, A.C.J., and ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Voluntary dismissals typically arrive at this court in the form of notices and not as motions, as Mr. Hammerl elected to file his request. The analysis of dismissing an appeal without prejudice is the same whether the litigant files a motion or notice. A district court has the discretion when a timely notice of voluntary dismissal is filed to reject the appellant's request to dismiss the appeal and to retain jurisdiction and proceed with the appeal. See State v. Schopp, 653 So.2d 1016 (Fla.1995).