FULMER, Judge.
Third-party defendant, William F. Carey d/b/a Carey’s Central Service, appeals from a final order of dismissal that directs him to bear his own attorney’s fees and costs. We affirm the dismissal but reverse the fee and cost provision because Carey did not join in the stipulation upon which the final order was based.
In 1997, Dennis and Rosalie Den Besten purchased a water filter system that was manufactured by Clack Corporation, distributed by The Enrich Corporation, and installed by Carey. About a year later, the water filter system developed a leak, which resulted in water damage to the Den Bestens’ home. The Den Bestens filed a claim for the damage with their insurance company, State Farm Fire and Casualty Company. On January 4, 2000, State Farm and the Den Bestens filed a complaint for damages against Enrich.
Enrich filed an answer disputing liability and initiated a third-party complaint against Clack and Carey, seeking contribution and indemnification from Clack for a defective product and from Carey for negligent installation. On May 10, 2000, Carey sent an offer of judgment to Enrich pursuant to section 768.79, Florida Statutes (1999).
On June 13, 2002, State Farm, the Den Bestens, Enrich, and Clack executed a written stipulation to dismiss the claims with prejudice, with “each party ... to bear their own costs and attorney’s fees.” Carey was not a party to the stipulation. Without notice or hearing, the trial court rendered a Final Order of Dismissal on June 25, 2002, which stated that it was being entered “in consideration of the foregoing Stipulation.” The order dismissed with prejudice the case in its entirety, including the third-party action against Carey, and directed the parties to bear their own attorney’s fees and costs. Upon receipt of the order of dismissal, Carey filed a copy of his original offer of judgment together with a motion for costs, attorney’s fees, and sanctions. Because he was unable to obtain a hearing on his motion within thirty days after entry of the final order of dismissal, Carey timely filed this appeal to challenge the order.
Carey argues that it was fundamental error for the trial court to order him to bear his own attorney’s fees and costs because he was not a party to the stipulation wherein the other parties agreed to bear their own attorney’s fees and costs. Carey further argues that the trial court erred in dismissing the case without notice to him because he was deprived of the opportunity to present his claim for attorney’s fees and costs pursuant to his offer of judgment. Enrich responds that Carey should have sought relief in the trial court by filing a motion pursuant to either Florida Rule of Civil Procedure 1.530 or 1.540. We reject this contention without discussion. Enrich also argues that even if Carey is successful on appeal, he will not prevail in his claim on remand because the offer of judgment did not comply with the time restrictions set forth in Florida Rule of Civil Procedure 1.442(b) and is, therefore, a nullity. Enrieh’s challenge to the validity of Carey’s offer of judgment is not an appropriate issue to be decided in this appeal because it must first be argued to and ruled on by the trial judge. See Alamagan Corp. v. Daniels Group, Inc., 809 So.2d 22, 26 (Fla. 3d DCA 2002) (“An appellate court may not decide issues that were not ruled on by a trial court in the first instance.”). Clack makes no response to Carey’s arguments on appeal and simply seeks affirmance of the order of dismissal and the order regarding attorney’s fees and costs insofar as it applies to Clack, State Farm, the Den Bestens, and Enrich.
We agree that Carey should not have been ordered to pay his own attorney’s *1276 fees and costs where he was not a party to the stipulation and was not given notice of the stipulation prior to the entry of the order of dismissal. The procedure deprived Carey of the opportunity to timely assert his entitlement to attorney’s fees pursuant to his offer of judgment. See Sec. Prof'ls, Inc. ex rel. Paikin v. Segall, 685 So.2d 1381, 1388 (Fla. 4th DCA 1997) (“As a general rule, parties that are not included in a stipulation for settlement cannot be bound by its provisions.”); see also Jenister v. Unger, 507 So.2d 707, 708 (Fla. 2d DCA 1987) (stating that due process requires, at a minimum, notice and opportunity to be heard).
The dismissal with prejudice is not being challenged on appeal, and therefore, we affirm the dismissal with prejudice as to all parties. We reverse only that portion of the trial court’s order directing Carey to bear his own attorney’s fees and costs. We remand for further proceedings to determine Carey’s entitlement to attorney’s fees and costs pursuant to the offer of judgment.
Affirmed in part, reversed in part, and remanded.
WHATLEY and COVINGTON, JJ„ concur.