972 So.2d 269 (2008)
AMERICAN EXPRESS BANK INTERNATIONAL, Appellant,
v.
INVERPAN, S.A., a Panamanian corporation, Anna Hochman Britten and Haim Hochman, Appellees.
Nos. 3D07-678, 3D07-383.
District Court of Appeal of Florida, Third District.
January 9, 2008.
Mase & Lara and Joel V. Lumer; Kahan Shir PL and Paul E. Heimberg, Boca Raton, for appellant.
Meland, Russin & Budwick, Miami, and Peter D. Russin and Deborah B. Jofre, for appellees.
Before COPE and WELLS, JJ., and FLETCHER, Senior Judge.
PER CURIAM.
American Express Bank International appeals an amended final judgment awarding attorney's fees to Inverpan, S.A.[1] We reverse.
Inverpan, S.A., Anna Hochman Britten and Haim Hochman [collectively "plaintiffs"] sought account statements and related documents pertaining to Ms. Britten and Inverpan's accounts at American Express. When they were unable to obtain those documents from American Express, they filed an action against American Express seeking a judgment permitting discovery to obtain that information and any other documents pertaining to the accounts.[2],[3] In pertinent part, the amended *270 complaint alleged that the plaintiffs had retained a law firm and that they are obligated to pay that firm attorney's fees and costs. Neither the body of the complaint nor the "wherefore" clause includes a demand or request for fees. American Express filed an answer and questioned the law firm's authority to represent one or more of the defendants. As to the attorney's fee allegation, American Express stated that it was without knowledge, denied the allegation, and requested strict proof thereof. Subsequently, the plaintiffs filed a motion for summary judgment, which contained a demand for attorney's fees. The trial court entered summary judgment in favor of the plaintiffs on their claim for discovery of the account documents. Following two agreed motions for enlargement of time, the plaintiffs filed a motion for attorney's fees based on the account application and agreement and the incorporated contract ("Rules and Regulations Governing Accounts") between American Express and Inverpan. At the hearing, American Express objected to the fee award on several bases, including the failure to plead sufficiently a request for fees. The court rejected American Express' arguments and entered a judgment and an amended judgment for attorney's fees in favor of Inverpan.[4] American Express appeals.
American Express correctly argues that Inverpan waived its claim for attorney's fees by failing to request a fee award in its initial or amended complaint. As the court held in Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991), "a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim." See Caufield v. Cantele, 837 So.2d 371, 377-78 (Fla.2002); Scruggs v. Sutton, 970 So.2d 853 (Fla. 3d DCA 2007). Here, Inverpan failed to file any pleading requesting such relief. Its complaint merely stated that it had retained counsel and was obligated to pay fees to that firm. That allegation does not "plead specifically a request for attorney's fees" and is therefore insufficient.[5]See Res Panel Refrigeration Corp. v. Bill Collins Refrigeration Servs., Inc., 636 So.2d 569, 570 (Fla. 3d DCA 1994). In addition, Inverpan's subsequent filing of its motion for summary judgment requesting an award of fees does not justify a fee award. The request for such relief in a summary judgment motion does not satisfy Stockman. See Green v. Sun Harbor Homeowners' Ass'n, 730 So.2d 1261, 1263 (Fla. 1998) ("This Court's use of the phrase `must be pled' is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a)."); Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So.2d 416, 421 (Fla. 5th DCA 2003); Taylor v. T.R. Props., Inc. of Winter Park, *271 603 So.2d 1380, 1381 (Fla. 5th DCA 1992). Furthermore, the record does not show that American Express waived its objection to the failure to plead a claim for attorney's fees. See Stockman, 573 So.2d at 838; Sardon Found., 852 So.2d at 421-22; Taylor, 603 So.2d at 1381. Accordingly, we hold that Inverpan waived its claim for attorney's fees. The resolution of this issue renders moot the remaining points on appeal. The amended judgment awarding attorney's fees to Inverpan is therefore reversed.
Reversed.
NOTES
[1] Initially, the court entered a final judgment awarding fees. The amended judgment added a cost award.
[2] The plaintiffs alleged that all of their account documents had been destroyed in a fire.
[3] In response to the initial complaint, American Express filed a motion for an order requiring proof of the authority of plaintiffs' counsel to represent Ms. Britten. American Express also filed an answer denying the complaint allegations and asserting that the complaint named the incorrect corporate entity as the defendant. Plaintiffs filed a response to the motion requesting attorney's fees for filing that response. Subsequently, plaintiffs filed an amended complaint which named the proper party defendant.
[4] The judgment does not award fees to Ms. Britten or Haim Hochman.
[5] Inverpan's reliance on Florida Rule of Civil Procedure Forms 1.934 and 1.944 is misplaced. Those forms involve claims on a promissory note and for a mortgage foreclosure, respectively, and are inapplicable to the claim at issue. See Fla. R. Civ. P. 1.900(b) ("The . . . forms are sufficient for the matters that are covered by them."); see also Buchanan & Crowder, Inc. v. Kreamer, 120 Fla. 203, 162 So. 500, 501 (1935) (holding sufficient an allegation that plaintiffs are obligated to pay their attorney a reasonable fee "`to be fixed by this Court by reason whereof Plaintiffs claim of and from the defendants . . . a reasonable Attorney's fee . . . to be determined by this Court'") (emphasis added).