SUAREZ, J.
 

 Terry Ann Walker appeals the trial court’s August 7, 2008 order denying her Motion to Re-enter the trial court’s January 11, 2008 order denying Motion for Relief from, Vacatur or Amendment of Judgment. The notice of appeal giving rise to this case was not timely filed. Therefore, we must dismiss for lack of jurisdiction.
 

 The appeal before this Court arises out of the dissolution of marriage proceedings between Terry Ann Walker and Richard C. Walker. The final hearing was scheduled for Monday, October 28, 2006. That date had been set by court order on July 31, 2006. The record shows that all parties were and had been on notice of the trial date. On the afternoon of October 20, 2006, the Friday prior to trial, at 3:30 p.m., the wife’s attorney faxed a motion to con
 
 *36
 
 tinue the final hearing to the trial court. When the trial court started the final hearing on Monday morning, the judge noted that he had received the fax at approximately 3:30 p.m. on Friday. The trial court also noted that the wife’s counsel failed to telephonically contact either the court or opposing counsel, neither the wife nor her counsel was present in court that morning to address the motion for continuance, and the wife’s counsel had done nothing to move the case forward since July 2006, except to file this motion for continuance, which was not the first such motion filed in this matter by wife’s counsel. The trial court denied the motion for continuance and, as counsel for the husband was ready to proceed and a court reporter was present, the trial court proceeded to take evidence. On December 11, 2006, the trial court rendered a final judgment in the dissolution. Between the final hearing and the rendition of the final judgment, the wife’s attorney did not communicate with the court or, apparently, with the husband’s counsel.
 

 On September 24, 2007, more than nine months after rendition of the final judgment, the wife, through same counsel, filed a Florida Rule of Civil Procedure Rule 1.540 motion seeking to set aside, vacate or amend the final judgment based on excusable neglect, misrepresentation and fraud by the husband (in valuing some of the property). The trial court, by order dated January 11, 2008, denied the motion, finding no excusable neglect. The trial court found that the wife’s counsel had received notice of the final hearing, failed to notify the court or opposing counsel in advance, failed to follow up with a motion for rehearing or new trial, and failed to take any other action.
 

 The wife’s counsel then sought to appeal the trial court’s non final order denying her motion.
 
 See
 
 Fla. R.App. P. 9.130(a)(5). The wife’s counsel faxed a notice of appeal to the trial court on the last day of the thirty-day appeal period, on a Friday preceding a three-day weekend, at 10:12 p.m., well after business hours.
 
 [1]
 
 Four days after the notice of appeal was faxed, the original notice arrived at the clerk’s office and was date stamped. By then, the thirty-day appeal period had expired and the notice of appeal was untimely.
 

 The wife’s counsel then voluntarily dismissed the appeal from the Third District Court of Appeal and returned to the trial court seeking to have the trial court reenter its order so as to start a new thirty-day appeal period. The motion to re-enter did not request any material change in the court order. It sought merely for re-entry of the order, apparently to start the running of yet another thirty-day period for filing an appeal. The trial court denied the motion, finding that the cause of the late-filed notice of appeal was attributable to the wife’s counsel’s failure to apprehend the correct filing procedures in the clerk’s office, and that wife’s counsel had not set forth any legal grounds for excusable neglect sufficient to lead the trial court to reenter the order. The wife has appealed.
 

 The wife’s notice of appeal from the order denying her Rule 1.540 motion was not timely filed and thus this Court lacks jurisdiction to hear the appeal.
 
 [2]
 
 Un
 
 *37
 
 der the facts presented here, where all parties were aware of the date of rendition of the order on appeal and where no mistake, inadvertence or excusable neglect was shown, vacating and re-entering the order would be unauthorized and would not be sufficient to toll the time to file the notice of appeal.
 
 See, e.g., Woldarsky v. Woldarsky,
 
 243 So.2d 629 (Fla. 1st DCA 1971) (explaining that where there has been no mistake, inadvertence or excusable neglect, the trial court had no authority to extend the time for appealing a final judgment by re-dating it after time for appeal had run; that action would not toll the time for noticing an appeal). Additionally, even if the trial court had granted the wife’s motion and vacated and re-entered the same, the time to file the notice of appeal of the original order would still not have been tolled as the wife’s motion did not argue or request any revision or material change to the order.
 
 See Betts v. Fowelin,
 
 203 So.2d 630 (Fla. 4th DCA 1967) (holding that the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought; only when the lower court changes matters of substance, or resolves a genuine ambiguity in a judgment previously rendered, should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew).
 
 See also Hammerl v. State,
 
 779 So.2d 410 (Fla. 2d DCA 2000);
 
 Thermoplastic & Signs, Inc. v. Metro. Dade County,
 
 746 So.2d 1140 (Fla. 3d DCA 1999).
 

 Appeal dismissed.
 

 [1]
 

 . A question arose whether or not the Sixteenth Judicial Circuit Clerk's practice of not docketing faxed notices, but only original hard copies, followed the Local Rules. We make no determination regarding this issue.
 

 [2]
 

 . We find the Appellant's reliance on
 
 Etienne v. Sínico Recycling Corp.,
 
 721 So.2d 399 (Fla. 3d DCA 1998), and cases cited therein, to be misplaced. Those cases stand for the proposition that Rule 1.540(b) authorizes discretionary relief from judgments, decrees and orders where the party seeking to review the
 
 *37
 
 judgment or order was without knowledge of its rendition, or where there has been some mistake, inadvertence, surprise or excusable neglect. That rule does not, as here, apply where the trial court determined that the failure to file a timely notice of appeal resulted from inexcusable neglect.