BLACK, Judge.
 

 BMR Funding, LLC (BMR), timely appeals a final judgment awarding attorneys’ fees to DDR Corporation (DDR) and Carol J. Dunn, pursuant to section 57.105, Flori
 
 *1139
 
 da Statutes (2009), and the provisions of loan documents that were the subject of foreclosure proceedings. Because we conclude that DDR and Dunn failed to plead entitlement to attorneys’ fees, we reverse.
 

 FACTUAL BACKGROUND
 

 On December 21, 2007, BMR’s predecessor in interest, M & I Marshall and Usley Bank (M & I), filed an action seeking foreclosure of its mortgage against DDR. It also sought damages for breach of a promissory note against DDR and damages for breach of guaranties against Dunn and Dean R. DeGross (DeGross).
 
 [1]
 
 In April 2008, after M & I filed its amended complaint in response to a motion to dismiss, DDR and Dunn filed their answer. The answer did not contain a claim for attorneys’ fees. In November 2008, DDR and Dunn filed a supplemental answer to correct a scrivener’s error but again failed to raise a claim for attorneys’ fees.
 

 Also in April 2008, M & I assigned all of its rights, title, and interest in the mortgage, guarantees, and loan documents to SPCP Group, LLC (SPCP). SPCP was then substituted for M & I as the foreclosing party and owner and holder of the loan documents. On September 15, 2008, the trial court granted final summary judgment of foreclosure in favor of SPCP and judgment against DDR and Dunn in the amount of $6,964,486.59. The court retained jurisdiction for the express purpose of assessing attorneys’ fees and costs in favor of SPCP.
 

 In October 2008, SPCP assigned its rights, title, and interest in the foreclosure judgment and underlying loan documents to BMR. On November 25, 2008, the foreclosure sale was held, and the property was sold to BMR for $100. On December 1, 2008, BMR filed a motion for deficiency judgment against DDR and Dunn. The hearing was scheduled for February 10, 2009, and began as scheduled. However, due to insufficient time to present all evidence, the hearing was continued to February 18, 2009.
 

 Five days before the scheduled continuation of the evidentiary hearing, counsel for DDR and Dunn filed an emergency motion to withdraw and to continue the hearing. The trial court granted the motion, and the hearing was continued to March 19, 2009. New counsel for DDR and Dunn filed a notice of appearance on March 12, 2009. On March 13, 2009, only seven days before the final hearing on BMR’s motion for deficiency judgment, DDR and Dunn filed a notice of intent to seek attorneys’ fees and costs (“Notice of Intent”).
 

 Following completion of the evidentiary hearing, the trial court entered final judgment denying BMR’s motion for deficiency judgment. DDR and Dunn subsequently filed a motion for attorneys’ fees and costs, claiming entitlement to attorneys’ fees and costs for both the foreclosure and deficiency judgment proceedings pursuant to portions of the subject loan documents as well as the reciprocal fees provisions of section 57.105. BMR filed a response to the motion, objecting to DDR and Dunn’s entitlement on multiple bases.
 

 At the hearing on the fee motion, counsel for DDR and Dunn conceded they were not entitled to fees for time spent in defending the foreclosure action and only argued entitlement to fees in defending the deficiency judgment proceedings. Following the hearing, the trial court awarded
 
 *1140
 
 $44,667.50 in attorneys’ fees to DDR and Dunn. The fee award reflected time spent by all of the attorneys involved in DDR and Dunn’s defense of the deficiency judgment proceedings.
 

 STANDARD OF REVIEW
 

 BMR contests only DDR and Dunn’s entitlement to fees and does not argue that the trial court abused its discretion in determining the amount of the award. Therefore, the only dispute is a legal issue and the de novo standard applies.
 
 See Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp.,
 
 51 So.3d 1176, 1179 (Fla. 2d DCA 2010);
 
 see also Barco v. Sch. Bd. of Pinellas Cnty.,
 
 975 So.2d 1116, 1121 (Fla.2008) (“[A]ppellate courts apply a de novo standard of review when the construction of a procedural rule ... is at issue.”).
 

 DISCUSSION
 

 Because DDR and Dunn did not claim entitlement to attorneys’ fees and costs in any pleading, as defined by Florida Rule of Civil Procedure 1.100(a), the trial court erred in granting DDR and Dunn’s motion for attorneys’ fees and costs. In
 
 Stockman v. Downs,
 
 573 So.2d 835 (Fla.1991), the supreme court held that a claim for attorneys’ fees must be pleaded, regardless of whether the claim is based on contract or statute.
 
 Id.
 
 at 837. This pleading requirement was subsequently clarified in
 
 Green v. Sun Harbor Homeowners’ Ass’n,
 
 730 So.2d 1261 (Fla.1998):
 

 This Court’s use of the phrase “must be pled” [in Stockman] is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a). A motion to dismiss is not a pleading.
 
 Stockman
 
 is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim,
 
 if filed,
 
 constitutes a waiver.
 

 Id.
 
 at 1263 (emphasis added).
 

 Subsequently, in
 
 Precision Tune Auto Care, Inc. v. Radcliffe,
 
 815 So.2d 708 (Fla. 4th DCA 2002), the Fourth District reversed an attorneys’ fee award where the claimant failed to plead entitlement to fees. Applying the supreme court’s ruling in
 
 Green,
 
 the court stated: “We assume that the supreme court meant what it said and said what it meant in
 
 Green.
 
 The plaintiffs here were required to set forth their claim for attorney’s fees in a pleading.”
 
 Precision Tune,
 
 815 So.2d at 712.
 

 In this case, DDR and Dunn urge this court to find that their “Notice of Intent” satisfied the pleading requirement. In its entirety, the notice states:
 

 Defendants, DDR Corporation and Carol J. Dunn, by and through their undersigned attorneys, hereby provide notice that, if they prevail with respect to Plaintiffs efforts to obtain a deficiency judgment, Defendants intend to seek the recovery of their attorneys’ fees and costs from Plaintiff pursuant to the express terms of the subject Guaranty and the operation of the reciprocal fee provision of F.S. 57.105.
 

 We agree with BMR that the Notice of Intent is not a pleading. Having filed two answers to the amended complaint, DDR and Dunn had multiple opportunities to plead a claim for attorneys’ fees. Thus, DDR and Dunn failed to raise entitlement to attorneys’ fees in any pleading, as defined by
 
 Stockman
 
 and
 
 Green,
 
 and any claim they may have had was waived.
 
 See Sardon Found. v. New Horizons Serv. Dogs, Inc.,
 
 852 So.2d 416, 421 (Fla. 5th DCA 2003).
 

 Further, pursuant to
 
 Stockman
 
 and
 
 Green,
 
 the purpose of the pleading requirement is notice. By pleading enti
 
 *1141
 
 tlement to attorneys’ fees, the claimant puts the opposing party on notice, thereby preventing unfair surprise.
 
 Sardon Found.,
 
 852 So.2d at 421. “The existence or nonexistence of a claim for attorney’s fees may often affect the decision whether to pursue, dismiss or settle a claim. For these reasons, a party may not recover attorney’s fees unless he has put the issue into play by filing a pleading seeking fees.”
 
 Id.
 

 Here, not only did DDR and Dunn fail to plead entitlement, their “Notice of Intent” failed to satisfy the purpose behind the pleading requirement. The issue of DDR and Dunn’s entitlement to attorneys’ fees was not raised until the final hearing on BMR’s motion for deficiency judgment was well underway and the foreclosure proceedings were complete. Not only was BMR deprived of any meaningful opportunity to consider whether to proceed with the deficiency judgment in light of possibly being assessed attorneys’ fees, it was never put on notice of a potential claim for attorneys’ fees in any proceeding contemplated during the pendency of the foreclosure action.
 

 Finally, DDR and Dunn urge this court to apply the exception to the pleading requirement recognized by the court in
 
 Stockman.
 
 “Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.”
 
 Stockman,
 
 573 So.2d at 838 (citing
 
 Brown v. Gardens by the Sea S. Condo. Ass’n,
 
 424 So.2d 181 (Fla. 4th DCA 1983);
 
 Mainlands of Tamarac by Gulf Unit No. Four Ass’n v. Morris,
 
 388 So.2d 226 (Fla. 2d DCA 1980)).
 

 DDR and Dunn argue that BMR failed to object to their “Notice of Intent” on the basis that such notice was not a pleading; however, the record conclusively establishes otherwise. BMR’s written response to the “Notice of Intent,” as well as its argument at the fee entitlement hearing, clearly relied upon the pleading requirement and
 
 Stockman
 
 in objecting to DDR and Dunn’s entitlement to fees. BMR did not “recognize!] or acquiesce[] to that claim” for attorneys’ fees.
 
 Stockman,
 
 573 So.2d at 838.
 

 Accordingly, the final judgment awarding attorneys’ fees to DDR and Dunn is reversed.
 

 LaROSE, J., Concurs.
 

 CASANUEVA, J., Concurs in result only.
 

 [1]
 

 . Although a party to the underlying foreclosure and deficiency judgment action, DeGross did not join in DDR and Dunn’s motion for attorneys' fees and was not awarded fees under the final judgment on appeal. As such, no further reference to DeGross's involvement will be made.