NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEORGE TUNISON III,                    )
                                       )
        Appellant,                     )
                                       )
v.                                     )      Case No:  2D13-3351
                                       )
BANK OF AMERICA, N.A., successor       )
by merger to BAC Home Loans Servicing  )
LP, f/k/a Countrywide Home Loans       )
Servicing, LP,                         )
                                       )
        Appellee.                      )
_____)

Opinion filed July 30, 2014.

Appeal from the Circuit Court for Lee
County; Alane C. Laboda, Judge.

P. Brandon Perkins, Brett C. Powell and
Alexander Brockmeyer of The Powell Law
Firm, Fort Myers; and Marcus W. Viles of
Viles and Beckman, LLC, Fort Myers, for
Appellant.

Jason F. Joseph of Gladstone Law Group,
P.A., Boca Raton; and Marc Douthit of
Douthit Law, LLC, Miami, for Appellee.


WALLACE, Judge.

        George Tunison III, appeals the circuit court's order denying his motion for

attorney's fees that he filed after Bank of America, N.A. (BOA), dismissed its foreclosure

action against him.  Because the circuit court erred in concluding that Mr. Tunison's motion for attorney's fees was untimely filed and legally insufficient, we reverse.

## I.  THE FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, BOA filed an action to foreclose a mortgage on real property owned by Mr. Tunison.  The mortgage contains a provision allowing attorney's fees to the mortgagee if it is required to take action to enforce its rights under the mortgage.  Mr. Tunison responded to the mortgage foreclosure complaint with a motion to dismiss.  On December 13, 2012, BOA filed a notice voluntarily dismissing the action without prejudice.  When BOA filed its notice of voluntary dismissal, the circuit court had not ruled on Mr. Tunison's motion to dismiss.  Thus he never filed an answer or any other pleading directed to the complaint.

Within thirty days after the filing of BOA's notice of voluntary dismissal, Mr. Tunison filed a motion for attorney's fees.  In support of his request for fees, Mr. Tunison asserted that by reason of BOA's voluntary dismissal of the action, he was the prevailing party and was thus entitled to an award of his attorney's fees to be paid by BOA.  Notably, Mr. Tunison's motion for attorney's fees did not specifically reference the attorney's fee provision in the mortgage.  The motion also did not mention section 57.105(7), Florida Statutes (2011), which provides for reciprocity in the application of attorney's fee provisions—such as the one in the mortgage—that favor only one party to a contract.  After a hearing, the circuit court entered an order denying Mr. Tunison's motion for attorney's fees.[1]  This appeal followed.

---

[1]The circuit court denied Mr. Tunison's request for costs as well as his request for attorney's fees.  On this appeal, the parties have not briefed the issue of costs, presumably because Mr. Tunison did not incur any taxable costs.  In any event,

## II. FRAMING THE ISSUES

In its order, the circuit court stated two grounds in support of its ruling denying Mr. Tunison's motion for attorney's fees. First, the circuit court noted that Mr. Tunison had failed to raise the issue of his entitlement to attorney's fees in his motion to dismiss, the only paper that he had directed to the complaint before BOA filed its notice of voluntary dismissal. In support of this ruling, the circuit court cited Green v. Sun Harbor Homeowners' Ass'n, 730 So. 2d 1261 (Fla. 1998), and BMR Funding, LLC v. DDR Corp., 67 So. 3d 1137 (Fla. 2d DCA 2011). Second, the circuit court observed that Mr. Tunison had failed to plead a contractual or statutory basis for the requested fee award in his motion for attorney's fees. In support of this second ruling, the circuit court cited Carman v. Gilbert, 615 So. 2d 701 (Fla. 2d DCA 1992), quashed on other grounds, 641 So. 2d 1323 (Fla. 1994).

In addition to these two rulings, BOA raises a third basis for affirmance. The notice of voluntary dismissal filed by BOA contained the following language: "This dismissal is expressly made conditional upon Defendants agreeing to pay their own attorneys' fees and costs." BOA argues that Mr. Tunison is precluded from seeking an award of attorney's fees because he "did not object to or move to strike [BOA's] notice of voluntary dismissal." The circuit court did not address this argument in its order. Nevertheless, under the "tipsy coachman" doctrine, we are bound to affirm the circuit court's order if it reached the correct result, even if it reached that result for the wrong

---

we do not address the issue of Mr. Tunison's entitlement to an award of costs because the parties have not briefed the issue.

- 3 -

reason. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644-45 (Fla. 1999); Johnson v. Allstate Ins. Co., 961 So. 2d 1113, 1115 (Fla. 2d DCA 2007).

The three issues presented for review raise questions of law arising from undisputed facts. Thus our standard of review is de novo. See Kirton v. Fields, 997 So. 2d 349, 352 (Fla. 2008) (citing D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003)). We will discuss these three issues separately below.

### III. DISCUSSION

**A. Failure to Plead Attorney's Fees in the Motion to Dismiss.**

The circuit court ruled that Mr. Tunison was not entitled to attorney's fees because he had failed to request attorney's fees in his motion to dismiss. Although the circuit court cited the Green case in support of its ruling, that decision actually supports Mr. Tunison's position. Explaining the "must be pled" language in Stockman v. Downs, 573 So. 2d 835, 837 (Fla. 1991), the Florida Supreme Court said in Green:

> This court's use of the phrase "must be pled" is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a). A motion to dismiss is not a pleading. Stockman is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver. Until a rule is approved for cases that are dismissed before the filing of an answer, we require that a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action. If the claim is not made within this time period, the claim is waived.

730 So. 2d at 1263 (emphasis added) (footnote omitted). Here, as in Green, Mr. Tunison's motion to dismiss was not a pleading. Because Mr. Tunison was never required to file an answer to the complaint, he did not waive his claim for attorney's fees.

- 4 -

His separate motion for attorney's fees filed within thirty days of BOA's dismissal of the action was timely filed. Id. at 1263; Nudel v. Flagstar Bank, FSB, 60 So. 3d 1163, 1164 (Fla. 4th DCA 2011).

This court's decision in BMR Funding is not to the contrary. In the BMR Funding case, the parties seeking fees had filed answers to an amended complaint but had failed to plead claims for attorney's fees in their answers. 67 So. 3d at 1139. By failing to raise the issue of their entitlement to attorney's fees in a pleading, the moving parties waived their claim to attorney's fees. Id. at 1141. Unlike the parties seeking attorney's fees in BMR Funding, Mr. Tunison was never required to file an answer. It follows that this court's holding in BMR Funding is inapplicable to the facts of this case.

### B. Failure to Plead a Contractual or Statutory Basis for Attorney's Fees.

The circuit court also denied Mr. Tunison's motion for attorney's fees because he failed to allege a contractual or statutory basis for an award of attorney's fees in his motion. In support of this ruling, the circuit court cited this court's decision from 1992 in Carman v. Gilbert. In Carman, this court interpreted the supreme court's decision in Stockman, to mean that a pleading seeking attorney's fees "must demonstrate: (a) the contractual or statutory basis for an award, (b) why the opposing party should be obligated to pay the award, and (c) the obligation of the moving party to pay his or her attorney." 615 So. 2d at 704. However, the Carman court's reading of Stockman was abrogated ten years later by the supreme court's decision in Caufield v. Cantele, 837 So. 2d 371 (Fla. 2002). In Caufield, the supreme court clarified its earlier decision in Stockman concerning the necessity for specificity in pleading a claim for attorney's fees as follows:

> [T]his court's holding in Stockman does not expressly require a specific pleading of the statutory or contractual basis of a claim for attorney's fees. See Stockman, 573 So. 2d at 837. In Stockman, we reasoned that merely pleading a claim for attorney's fees is sufficient to notify the opposing party and allow it to consider the claim in a decision on whether to proceed. Therefore, we decline to extend our holding in Stockman to impose a stricter requirement for pleading a claim for attorney's fees. We hold that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim.

Id. at 377-78. In accordance with Caufield, a party is not required to plead a ground for attorney's fees with specificity. See United Am. Lien & Recovery Corp. v. Primicerio, 924 So. 2d 848, 853 (Fla. 4th DCA 2006); Sheoah Highlands, Inc. v. Daugherty, 837 So. 2d 579, 584 (Fla. 5th DCA 2003). Thus the circuit court erred in relying on Carman to hold Mr. Tunison to a stricter standard for pleading entitlement to attorney's fees than was required by the supreme court in Caufield.

### C. The Conditional Language of the Voluntary Dismissal.

BOA argues that the conditional language in its notice of voluntary dismissal precluded Mr. Tunison from pursuing a claim for attorney's fees. The difficulty with this argument is that the notice of voluntary dismissal was a unilateral document. Mr. Tunison was not a party to BOA's notice of voluntary dismissal. Neither Mr. Tunison nor his attorney signed the notice or otherwise indicated an agreement to be bound by BOA's self-serving declaration that the "Defendants" were to pay their own attorney's fees and costs. Not surprisingly, BOA does not cite any authority in support of its argument on this point. The condition in the notice of voluntary dismissal purporting to preclude Mr. Tunison from recovering his attorney's fees is not binding upon him. See

- 6 -

Carey v. State Farm Fire & Cas. Co., 848 So. 2d 1274, 1275-76 (Fla. 2d DCA 2003);

Sec. Prof'ls, Inc., ex rel. Paikin v. Segall, 685 So. 2d 1381, 1383 (Fla. 4th DCA 1997)

("As a general rule, parties that are not included in a stipulation for settlement cannot be

bound by its provisions."); Video Super Stores of Am., Inc. v. Mastriana, 575 So. 2d

326, 326 (Fla. 4th DCA 1991).

## IV.  CONCLUSION

For the foregoing reasons, we reverse the circuit court's order to the

extent that it denied Mr. Tunison's request for attorney's fees.  We affirm the circuit

court's order to the extent that it denied Mr. Tunison's request for costs.  On remand,

absent an agreement by the parties on the amount of a reasonable fee for Mr. Tunison's

attorneys, the circuit court shall conduct an evidentiary hearing to determine the amount

of attorney's fees to which Mr. Tunison is entitled.

Affirmed in part; reversed in part; and remanded.


ALTENBERND and NORTHCUTT, JJ., Concur.