DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY C. FANELLI,**
Appellant,

v.

**HSBC BANK USA,**
Appellee.

No. 4D13-4111

[June 3, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Susan R. Lubitz, Senior Judge; L.T. Case No. 502008CA032941XXXXMB.

W. Trent Steele of Law Offices of W. Trent Steele, Hobe Sound, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.

Kimberly Hopkins and Ronald M. Gaché of Shapiro, Fishman & Gaché, LLP, Tampa, for appellee.

GROSS, J.

We reverse an order denying attorney's fees in a mortgage foreclosure case and hold that an answer that handled attorney's fees in the same manner as the applicable version of Florida Rule of Civil Procedure Form 1.944 for a complaint was sufficient to support a motion for attorney's fees after a dismissal.

In 2010, appellant, Mary Fanelli, filed an amended answer in a mortgage foreclosure case. As a common allegation to her affirmative defenses, the pleading said: "Defendant has retained the undersigned to represent her and has agreed to pay the Law Offices of W. Trent Steele a reasonable fee for their services." The answer contained no separate prayer or demand for attorney's fees.

The trial judge involuntarily dismissed the case without prejudice on the first day of trial. Fanelli moved for attorney's fees pursuant to Florida Rule of Civil Procedure 1.525 and section 57.105(7), Florida Statutes

(2014). The trial court denied the motion because the amended answer failed to adequately plead for attorney's fees.

"[A] claim for attorney's fees, whether based on statute or contract, must be pled." *Stockman v. Downs,* 573 So. 2d 835, 837 (Fla. 1991). "By pleading a claim to attorney's fees, a party notifies the opposing party and prevents unfair surprise." *Caufield v. Cantele,* 837 So. 2d 371, 377 (Fla. 2002).

The Florida Supreme Court has held that "*Stockman* is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver." *Green v. Sun Harbor Homeowners' Ass'n,* 730 So. 2d 1261, 1263 (Fla. 1998). "Pleading specificity is not required; 'the contractual or statutory basis for the attorney fee need not be specifically pled and failure to so plead does not result in a waiver of the claim.'" *Dickson v. Heaton,* 87 So. 3d 81, 83 (Fla. 4th DCA 2012) (quoting *Caufield,* 87 So. 2d at 379-80).

If the purpose of the *Stockman* pleading requirement is to give notice to an opposing party, a sentence in a mortgage foreclosure pleading stating that a party has hired attorneys and is obligated to pay a reasonable fee for their services is sufficient to alert the other side that attorney's fees might come into play.

This is the approach taken by the version of Florida Rule of Civil Procedure Form 1.944 in effect prior to December 11, 2014, when the amendments to Form 1.944 went into effect. *See In re Amendments to the Florida Rules of Civil Procedure*, 153 So. 3d 258, 262 (Fla. 2014). Setting forth a mortgage foreclosure complaint, pre-2014 Form 1.944 contains a statement about the plaintiff's fee agreement with its attorneys, but no separate prayer for attorney's fees. In mortgage foreclosures, attorney's fees are typically sought by the prevailing plaintiff under the loan documents. Pre-2014 Form 1.944 uses only this language pertaining to attorney's fees: "Plaintiff is obligated to pay plaintiff's attorneys a reasonable fee for their services." The form's "wherefore" clause demands both a foreclosure judgment and a deficiency judgment, but says nothing about attorney's fees. Rule 1.900(b) states that the civil forms "are sufficient for the matters that are covered by them." Attorney's fees are "covered" in paragraph 8 of pre-2014 Form 1.944, leading to the conclusion that the rule's level of pleading specificity is sufficient to support a later claim for attorney's fees. If such language suffices in a complaint, it performs the same function in an answer. As Fanelli argues, what is good for the goose is good for the gander.

We note that on December 11, 2014, the Supreme Court adopted Florida Rule of Civil Procedure 1.115, entitled "Pleading Mortgage Foreclosures" and Forms 1.944(a) and (b) for mortgage foreclosure complaints. Both new forms require specification of the basis for an award of attorney's fees as well as a demand for fees in the "Wherefore" clause. Thus, new Form 1.944(a) provides, in pertinent part:

> 8. Plaintiff is obligated to pay plaintiff's attorneys a reasonable fee for their services. *Plaintiff is entitled to recover its attorneys' fees under . . . . (allege statutory and/or contractual bases, as applicable). . . .*
>
> WHEREFORE, plaintiff demands judgment foreclosing the mortgage, *for costs (and, when applicable, for attorneys' fees),* and, if the proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency judgment.

(Emphasis in original). In the future, to properly plead for attorney's fees in mortgage foreclosure cases, litigants will have to comply with the new pleading form.

The trial court denied attorney's fees based upon *American Express Bank International v. Inverpan, S.A.*, 972 So. 2d 269 (Fla. 3d DCA 2008). That case reversed an award of attorney's fees based on a complaint similar to the one in this case, with a sentence about the plaintiffs being obligated to their lawyers for fees, but nothing in the complaint or "wherefore" clause demanding or requesting fees. *Id.* at 270. However, the third district distinguished *American Express* from a mortgage foreclosure case involving former Form 1.944, leaving open the possibility that in a case where the form applied, the court could have reached a different result.

We reverse the order denying the motion for attorney's fees and remand for further proceedings consistent with this opinion.

WARNER and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***