NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO BANK, National )
Association, as trustee for Structured )
Asset Mortgage Investments II Inc., )
Bear Stearns Mortgage Funding Trust, )
2007-AR1, Mortgage Pass-Through )
Certificates, Series 2007-AR1, )
  )
     Appellant, )
  )
v. )    Case No. 2D14-5116
  )
LAURI MAILLOUX and MARC MAILLOUX, )
  )
     Appellees. )
_____ )

Opinion filed October 30, 2015.

Appeal from the Circuit Court for Manatee
County; Thomas M. Gallen, Senior Judge.

Ronnie J. Bitman and Kristen M. Rickard of
Pearson Bitman LLP, Maitland, for
Appellant.

John P. Fleck, Jr., Bradenton, for
Appellees.


ALTENBERND, Judge.

        Wells Fargo Bank appeals a final judgment awarding attorneys' fees and

costs for the representation of Lauri and Marc Mailloux in a foreclosure proceeding.

Wells Fargo argues that the Maillouxes are not entitled to fees because their motion for

fees and costs was filed more than thirty days after the service of Wells Fargo's notice of voluntary dismissal, which was filed pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(A). It also argues that the fee award is excessive. We affirm. We write primarily to explain that Wells Fargo had no legal right to compel the trial court to begin the thirty-day period for service of a timely motion for fees and costs with the service of its notice of voluntary dismissal. See Fla. R. Civ. P. 1.525. This is true because the notice was expressly conditioned on the Maillouxes first waiving their right to fees and costs, which they did not do.

Wells Fargo filed this foreclosure action in June 2013. On June 5, 2014, after the action had been pending for nearly a year, Wells Fargo filed and served a document titled "Notice of Dismissal and Discharge of Lis Pendens." In addition to the standard language typically found in such a document, this notice of dismissal stated: "This dismissal is expressly made conditional upon Plaintiff and the Defendants agreeing to pay their own attorneys' fees and costs." It is undisputed that the Maillouxes had not stipulated to waive their contractual right to attorneys' fees prior to the service of this notice and did not do so thereafter. Simply put, the parties never reached a mutual agreement on this condition.

On June 16, 2014, the Maillouxes filed a motion for final dismissal, stating: "The defendants Mailloux move this court to enter a final order for final dismissal showing that this case is dismissed and closed." The clerk of court accepted this filing, and Wells Fargo filed nothing in response to this motion. The motion was heard by the trial court on July 24. The court entered the requested dismissal order at that time.

Within thirty days of the filing of this order, the Maillouxes filed and served a "Motion for an Award of Attorney's Fees, Costs, Expenses."

In the trial court, Wells Fargo argued essentially that its notice of voluntary dismissal ended the case and that the court thus lost jurisdiction to consider the Maillouxes' rule 1.525 motion because it was filed more than thirty days after the service of Wells Fargo's notice of dismissal. The trial court rejected this argument, reasoning that Wells Fargo's notice was ineffective to commence the thirty-day period because the notice was conditional. The court awarded fees and costs totaling $38,017.50.

On appeal, Wells Fargo argues that Tunison v. Bank of America, N.A., 144 So. 3d 588, 592 (Fla. 2d DCA 2014), supports its position because in Tunison this court concluded that the waiver of attorneys' fees in a similar conditional voluntary dismissal was "not binding" on the party dismissed. Wells Fargo reasons that, in Tunison, we did not declare the notice of voluntary dismissal void or ineffective for the purpose of dismissing the case, we merely held the condition to be unenforceable.

We conclude that Wells Fargo reads too much into the language in Tunison. The motion for fees in that case was filed within thirty days of that notice. Thus, unlike here, the timeliness of the motion was not an issue in Tunison. Furthermore, whether the notice could be sufficient to serve as a voluntary dismissal that permitted the clerk of court to close the file was not an issue resolved in Tunison and is not an issue in this case.[1] The only issue in this case is whether Wells Fargo,

---

[1]Unless all parties sign a stipulation of dismissal under rule 1.420(a)(1)(B), it is difficult for the court, the clerk, or the public to know whether or when such a condition precedent to dismissal is fulfilled.

having served this odd conditional document, has the right to treat its service as the event commencing the thirty-day period for purposes of rule 1.525.

Prior to the adoption of rule 1.525, the "reasonable" time in which to file a motion for costs and attorneys' fees was difficult to predict and either side ultimately could be prejudiced by this uncertainty. See, e.g., Scott D. Makar, Post-Judgment Motions for Attorneys' Fees: Time for a Bright-Line Rule, 71 Fla. B.J. 14 (Feb. 1997). "Rule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial motions." Diaz v. Bowen, 832 So. 2d 200, 201 (Fla. 2d DCA 2002). But given the short period allowed for the filing of a motion for costs and attorneys' fees, an equal injustice would occur if the service of ambiguous documents commenced the thirty-day period.

Wells Fargo added a condition to its notice that it knew had not been fulfilled. Moreover, when, if ever, this condition would be fulfilled could not be predicted.[2] When the Maillouxes filed a motion to dismiss within the thirty-day period, Wells Fargo took no step to clarify the situation. It did not file another standard notice of voluntary dismissal without the conditional language even though it now maintains in this appeal that the language was a scrivener's error. We conclude that the trial court was well within its discretion to decide that the service of the conditional dismissal did not commence the thirty-day period because the effective date of the dismissal could not be determined on the face of this public record and the facts demonstrated that the parties never reached agreement on the condition.

---

[2]Under the somewhat different rules applicable to appeals, this court rejects conditional notices of dismissal. See Hammerl v. State, 779 So. 2d 410 (Fla. 2d DCA 2000).

As to the amount of fees, the experienced trial judge admittedly awarded a generous fee. But the amount awarded was supported by competent, substantial evidence, and we cannot conclude that the trial court abused its discretion in setting the amount.

Affirmed.

NORTHCUTT and LaROSE, JJ., Concur.