NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARGARET L. ZURRO,                          )
                                            )
    Appellant/Cross-Appellee,               )
                                            )
v.                                          )        Case No. 2D15-175
                                            )
WELLS FARGO BANK, N.A.,                      )
                                            )
    Appellee/Cross-Appellant.               )
_____          )

Opinion filed November 2, 2016.

Appeal from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

William Rambaum of William Rambaum,
P.A., Oldsmar; and Kennan G. Dandar of
Dandar & Dandar, P.A., Tampa, for
Appellant/Cross-Appellee.

Ronald D. Edwards, Jr. and Matthew G.
Brenner of Lowndes, Drosdick, Doster,
Kantor & Reed, P.A., Orlando, for
Appellee/Cross-Appellant.


BLACK, Judge.

        Margaret Zurro appeals from the final judgment entered in her lawsuit

against Wells Fargo Bank, N.A.  Wells Fargo cross-appeals.  We affirm on all issues,

save one: the trial court's determination that Ms. Zurro is not entitled to an award of

attorney's fees. We therefore reverse that portion of the final judgment which denies Ms. Zurro's attorney's fees claim.

I. Background

Ms. Zurro's original complaint, filed in December 2011, set forth two claims: a count for civil theft (count I) and a count for conversion (count II). Count I included an allegation that, as a result of Wells Fargo's actions, Ms. Zurro had been required to obtain counsel and was obligated to pay counsel a reasonable fee and that Wells Fargo was liable for Ms. Zurro's attorney's fees pursuant to section 772.11, Florida Statutes (2011). The "Wherefore" clause or prayer for relief of count I also demanded attorney's fees. Count II did not include an allegation regarding procurement of counsel or otherwise demand fees.

In May 2013, the complaint was amended by stipulation of the parties and a count for breach of contract (count III) was added. Count III did not include a demand for attorney's fees in its prayer for relief; it did, however, set forth an allegation that Ms. Zurro had been required to obtain counsel and was obligated to pay counsel a reasonable fee.

Three months later, in August 2013, Ms. Zurro moved to file a second amended complaint, seeking to add a claim for punitive damages to count II and to add the inadvertently omitted demand for attorney's fees in the Wherefore clause of count III. An amended motion to file a second amended complaint was filed in January 2014. Wells Fargo filed no response to either motion.

On February 25, 2014, about one week before the trial date, a hearing was held on Ms. Zurro's motions. There is no transcript of that hearing, but based on

the order denying the motions to amend—entered on the same day as the final judgment, almost nine months after the hearing—both parties' correspondence to the trial court, and the arguments before this court, it is apparent that neither the parties nor the court addressed the attorney's fee issue at the hearing. The court orally denied the request to add a punitive damages claim to count II.

The case proceeded to a bench trial in early March 2014. On the final day of trial, the court made oral findings and requested that both parties submit proposed orders consistent with the court's findings. The court did not identify the counts for which it was ruling in favor of Ms. Zurro, nor did it address attorney's fees. As a result, the parties' proposed orders differed as to the counts on which Ms. Zurro had prevailed. Significantly, along with her proposed order Ms. Zurro included a cover letter to the court which addressed attorney's fees:

> There was no ruling on the claims for attorney fees . . . and I assumed that that would be addressed by later Motions. If you prefer to make a preliminary ruling on entitlement to attorney fees, I submit the following language for inclusion in the Order:
>
> Paragraph 29 of the Wachovia Bank Deposit Agreement provides that the depositor must reimburse Wachovia Bank for Wachovia Bank's costs and expenses (including attorney fees) in any action in which Wachovia Bank is the prevailing party. The Plaintiff is the prevailing party for purposes of this provision. Florida Statutes Section 57.105(7) provides for the reciprocal recovery of attorney fees. If a contract contains a provision allowing attorney fees to a party when he or she is required to take any action to enforce the contract, the court must also allow reasonable attorney fees to the other party when that party prevails in any action, whether as plaintiff or defendant with respect to the contract. Accordingly, the plaintiff shall be entitled to recover her attorney fees in this action.

- 3 -

Wells Fargo also submitted a proposed final judgment and cover letter. It did not raise the issue of Ms. Zurro's alleged pleading deficiency in response to her proposed final judgment and cover letter. Rather, it proposed that the court reserve jurisdiction to hear any fee motions.

Thereafter, the court entered an Order on Findings of Fact and Conclusions of Law, wherein the court found in favor of Wells Fargo on count I and in favor of Ms. Zurro on counts II and III. The court stated that it would consider any properly filed motions for attorney's fees and costs. The Order did not otherwise address attorney's fees. Both parties subsequently filed motions for reconsideration. In its motion, Wells Fargo alleged that Ms. Zurro had made it "abundantly clear" that attorney's fees were the driving force behind her claims. Both parties also filed motions for determination of entitlement to attorney's fees and costs.

The fee motions were heard September 16, 2014. At that hearing, for the first time, Wells Fargo raised its argument that Ms. Zurro was not entitled to fees on count III because she had not demanded them in the Wherefore clause of the claim. Ms. Zurro verbally sought permission to amend count III to conform to the evidence presented at trial, but the motion was denied. The day after the hearing, Ms. Zurro submitted correspondence to the court wherein she reminded the court that the August 2013 motion to amend the complaint included the request to amend the Wherefore clause of count III, that Wells Fargo had not objected to the addition of the demand for fees, that the court had not ruled upon the request to amend the Wherefore clause at the hearing on the motions to amend, and that no written order on the motion had been entered. Ms. Zurro further argued that the exception to the rule that claims for

attorney's fees must be pleaded, as announced in Stockman v. Downs, 573 So. 2d 835 (Fla. 1991), was applicable to her case.

On November 10, 2014, eight months following the trial, the court entered three orders: (1) the order denying Ms. Zurro's motion for reconsideration, granting her motion for clarification, granting Wells Fargo's motion for clarification and motion for reconsideration, denying Wells Fargo's motion for rehearing, and vacating the Order of Findings of Fact and Conclusions of Law; (2) the order denying Ms. Zurro's motions to file a second amended complaint; and (3) the final judgment.

The order denying Ms. Zurro's motions to file a second amended complaint provides that the court previously orally denied the request to add a claim for punitive damages and that because Ms. Zurro presented no argument concerning her request to add a specific demand for attorney's fees to the Wherefore clause of count III, the argument had been waived.

Without elaboration, the final judgment provides both that Ms. Zurro was permitted to amend the Wherefore clause of count III to include a demand for attorney's fees and that Ms. Zurro is not entitled to attorney's fees because there was no request for attorney's fees in count III. Both parties filed motions for rehearing which were denied.[1] This appeal followed.

II.     Analysis

The fundamental concern with regard to claims for attorney's fees is notice. Stockman, 573 So. 2d at 837. Therefore, "a claim for attorney's fees, whether

---

[1]Neither party's motion addressed the internal inconsistency of the final judgment with regard to attorney's fees.

based on statute or contract, must be pled" in order "to notify the opposing party of the claims alleged and prevent unfair surprise." Id. "A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him." Id. However, the Stockman court announced an exception to the general rule: "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." Id. at 838.

We resolve this appeal on the basis of the Stockman exception. Wells Fargo was on notice of Ms. Zurro's claim for entitlement to attorney's fees well before trial. Wells Fargo cannot justifiably argue otherwise. All three counts of the complaint alleged that Ms. Zurro had been required to obtain counsel and that she was obligated to pay counsel a reasonable fee, and count I included an express demand for fees.[2] Further, Ms. Zurro's claim for attorney's fees was before the court prior to final judgment, and the record establishes that prior to entry of the final judgment the court had not ruled upon Ms. Zurro's request to add the express demand for attorney's fees in

---

[2]We recognize that American Express Bank International v. Inverpan, S.A., 972 So. 2d 269, 270 (Fla. 3d DCA 2008), holds that the allegation in a complaint that the plaintiff had retained counsel and was obligated to pay fees to counsel failed to "plead specifically a request for attorney's fees." However, unlike our case, Inverpan involved an amended single-count complaint with no prayer for attorney's fees where no further amendment was sought. Cf. Fanelli v. HSBC Bank USA, 170 So. 3d 72, 73 (Fla. 4th DCA 2015) ("If the purpose of the Stockman pleading requirement is to give notice to an opposing party, a sentence in a mortgage foreclosure pleading stating that a party has hired attorneys and is obligated to pay a reasonable fee for their services is sufficient to alert the other side that attorney's fees might come into play.").

the Wherefore clause of count III.[3]  Cf. Stockman, 573 So. 2d at 838 (finding the exception to the pleading requirement inapplicable where the "claim for attorney's fees was not before the court prior to final judgment").  Moreover, Wells Fargo did not object to Ms. Zurro's request to amend count III or to her statement regarding entitlement to fees in correspondence to the court attaching her proposed order of findings of fact and conclusions of law.  The issue of attorney's fees was clearly in play at the time of trial.  Cf. BMR Funding, LLC v. DDR Corp., 67 So. 3d 1137, 1141 (Fla. 2d DCA 2011) (quoting Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So. 2d 416, 421 (Fla. 5th DCA 2003)).  Any argument by Wells Fargo to the contrary is disingenuous, as established by its posttrial arguments.  In its motion for reconsideration following the court's Order of Findings of Fact and Conclusions of Law, Wells Fargo alleged that Ms. Zurro had made it "abundantly clear" that attorney's fees were the driving force behind her claims.  Cf. Stockman, 573 So. 2d at 838 ("There was no action or inaction on Stockman's part that can be deemed to be a recognition of the fact that the Downses intended to claim attorney's fees or a waiver of objection to their failure to plead such a claim.").  As such, Wells Fargo, "at all pertinent times knew, recognized and

---

[3]Ms. Zurro clearly sought to comply with the pleading requirement of Stockman by moving to amend her complaint.  See, e.g., BMR Funding, LLC v. DDR Corp., 67 So. 3d 1137, 1140 (Fla. 2d DCA 2011) ("[T]he phrase 'must be pled' [in Stockman] is to be construed in accord with the Florida Rules of Civil Procedure.  Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a)." (alteration in original) (quoting Green v. Sun Harbor Homeowners' Ass'n, 730 So. 2d 1261, 1263 (Fla. 1988))).  The court's apparent failure to rule on Ms. Zurro's request to amend count III to include a demand for attorney's fees in the Wherefore clause prior to trial serves to preclude a waiver determination and to further disprove any lack of notice argument by Wells Fargo.  See Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So. 2d 181, 184 (Fla. 4th DCA 1983) ("As matters stood, appellants were affirmatively lulled into believing that their claim was known, alive, and that same would be adjudicated."), cited with approval in Stockman, 573 So. 2d at 838.

acquiesced, without objection or suggestion of surprise, prejudice or disaccommodation," that Ms. Zurro was claiming entitlement to attorney's fees. See Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So. 2d 181, 183 (Fla. 4th DCA 1983), cited with approval in Stockman, 573 So. 2d at 838; see also Auglink Commc'ns, Inc. v. Canevari, 932 So. 2d 338, 341 (Fla. 5th DCA 2006) (applying the Stockman exception where it was "abundantly clear that there was no surprise caused by Canevari's failure to plead entitlement to attorneys' fees in his answer").

III.     Conclusion

The court erred in finding that Ms. Zurro was not entitled to attorney's fees; the Stockman exception to the failure to plead a claim for attorney's fees is applicable. Consequently, we reverse that portion of the final judgment which denies Ms. Zurro's claim for fees and remand for proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded.


WALLACE and LUCAS, JJ., Concur.